*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0172P (6th Cir.)
File Name: 00a0172p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

        *v.*               No. 98-4205

JEFFREY LEE JACKSON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00090—James L. Graham, District Judge.

Argued: May 2, 2000

Decided and Filed: May 23, 2000

Before: MERRITT, JONES, and CLAY, Circuit Judges.

---

### COUNSEL

**ARGUED:** Gordon Hobson, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. David J. Bosley, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee. **ON BRIEF:** Gordon Hobson, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. David J. Bosley, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

1

---

**OPINION**

---

MERRITT, Circuit Judge.  Eighteen U.S.C. § 2119, the federal carjacking statute, states, as amended and in relevant part:

> Whoever, *with the intent to cause death or serious bodily harm* takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall -
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) *if serious bodily injury . . . results*, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

(Emphasis added.)

A federal grand jury returned a one count indictment against defendant Jeffrey Lee Jackson that charged intent to injure without charging bodily injury under § 2119(2):

> On or about the 25th day of February 1998, in the Southern District of Ohio, Jeffrey Lee Jackson, by force, violence or intimidation, *with the intent to cause death or serious bodily injury*, did take from Charles Chope, a 1988 Chevrolet Corvette, which had been transported, shipped or received in interstate commerce. In violation of 18 U.S.C. § 2119.

(Emphasis added.)

jury that asked whether serious bodily injury resulted from the carjacking, Jackson's counsel timely objected to the district court's actions, arguing that the indictment made no reference to § 2119(2) and directed the court to the then pending *Jones* case. Finally, as in the instant case, the *Jones* district court adopted the presentence report's 25-year sentence recommendation because one of the victims had in fact suffered serious bodily injury. The *Jones* defendant objected to his sentence and, on appeal, the Supreme Court held that the three paragraphs of § 2119 are to be construed as "establishing three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." *Jones*, 119 S.Ct. at 1228.

In this case, as in *Jones*, the indictment charging Jackson did not make direct reference to § 2119(2), and the district court incorrectly construed the statute's paragraphs as sentencing enhancements. The wording of Jackson's indictment, alleging a carjacking with intent to cause serious bodily injury, varies from the conviction Jackson received, which was of committing a carjacking which resulted in serious bodily injury. The variation between the conviction and sentence and the indictment is essentially the same as in *Jones*. Although Jackson's conduct was outrageous and deserving of the 25-year sentence, we are constrained by the Supreme Court's opinion in *Jones* to instruct the district court to reduce the sentence to 15 years. Despite evidence in the record that may indicate that Jackson was sufficiently on notice that he potentially faced a 25-year sentence under § 2119(2), the government has not raised any question of harmless error. Government counsel did not seek to advance a constitutional harmless error analysis, even after we asked about it at oral argument, and we therefore do not address, but rather pretermit, any harmless error analysis that could be advanced.

Accordingly, we vacate the sentence issued by the district court and remand for resentencing in accordance with this opinion.

Defendant was convicted by a jury of violating the federal carjacking statute, 18 U.S.C. § 2119; and he now argues that, in light of the recent Supreme Court decision handed down in *Jones v. United States*, 526 U.S. 227, --, 119 S. Ct. 1215 (1999) (holding that the three subsections of § 2119 are elements of the crime to be charged and proved, not merely sentence enhancements as courts of appeals had previously held), the district court erred in sentencing him to 25 years imprisonment because his indictment merely alleged that Jackson had the *intent* to cause "serious bodily injury," but failed to allege that he had in fact caused such an injury under § 2119(2). In the absence of any constitutional harmless error analysis offered by the government, we must reverse and remand because of the intervening *Jones* case.

## I.

The facts of this case are undisputed. On February 25, 1998, Charles Chope, the victim, drove his 1988 Corvette a block and a half from his home in Upper Arlington, Ohio, to a nearby supermarket to buy a few items. Upon leaving the market, Chope discovered his battery had died. While he was waiting for AAA to arrive and help him start his car, Chope was approached by Defendant who stated that he, too, was having car trouble. After speaking only very briefly with Jackson, Chope got into his car, which had been jump-started by the AAA serviceman, and returned home. Chope parked his car in a detached garage and began walking toward his apartment when he noticed Jackson run around the corner with what appeared to be a semiautomatic handgun. Jackson pointed his weapon at Chope and told them that he wanted some money. Jackson then struck Chope in the face with the weapon and ordered him to get into the passenger seat of the Corvette.

Jackson drove into the drive-through teller at Chope's bank. Under threat of death, Chope withdrew $150.00 from his account and gave the money to Jackson. Jackson then drove the car to a local recreation area, Hayden Run Falls, and, after parking, ordered Chope to get out and walk along a trail that

winds down to the bottom of the falls. Jackson closely followed Chope and, soon after they had begun walking along the trail, Jackson suddenly pushed Chope off of a nearby cliff. Chope fell approximately 50 feet into a rocky ravine and landed on his back in a few inches of water. Fortunately, it was an unseasonably warm February day and two hikers discovered the seriously injured Chope, who was conscious, but in a lot of pain and unable to move. Chope explained to the hikers what had happened and one tended to him while the other called 911. Chope was rescued by emergency service personnel and taken to the hospital.

Chope had sustained life-threatening injuries, with the most serious injury being two broken vertebrae in his back. Although it was unclear at first if Chope would live, he was ultimately stabilized. Despite undergoing several surgeries, today Chope remains permanently paralyzed from the waist down with what doctors deem a zero chance of ever again walking unassisted.

At trial, Jackson objected when the prosecution sought to introduce medical testimony establishing the extent of the injuries suffered by Chope, arguing that the indictment only alleged the *intent* to cause serious bodily injury and that any *actual* serious bodily injury that resulted from Jackson's actions went to a separate element of the offense not alleged in the indictment. Defense counsel admitted that there was no case law on point in support of this argument, but he referred the district court to the Supreme Court's decision to grant *certiorari* in *Jones v. United States*, 118 S. Ct. 1405 (1998), on the question of, first, whether paragraphs (1) through (3) of 18 U.S.C. § 2119 describe sentencing factors or elements of the offense and, second, if the paragraphs were deemed sentencing enhancements, whether the statute was constitutional. The district court overruled the objection, concluding that current case law supported the view that the paragraphs were sentencing enhancements, and the court then admitted the medical testimony because it was relevant to several facets of the government's case against Jackson and

because it would be obvious to the jury that Chope had been seriously injured once he entered the courtroom.

Jackson again raised the same issue at the close of trial when he objected to a portion of the special verdict form that asked if serious bodily injury did or did not result from the commission of the offense. The district court again overruled the objection. After deliberation, the jury returned with a verdict, finding Jackson guilty of the charge in the indictment and that serious bodily injury did result.

At the sentencing hearing, Jackson objected to the presentence investigation report's determination that the statutory penalty was 25 years instead of 15 years, again raising the argument that serious bodily injury was not alleged in the indictment. The court overruled the objection, concluding that it was not necessary for the language at issue to be included in the indictment because it went only to sentencing. The court also noted that through a special interrogatory the jury had found beyond a reasonable doubt that serious bodily injury was sustained as a result of this offense. The court then sentenced Jackson to 25 years in prison, a five-year term of supervised release, and $309,546 in restitution.

## II.

The issue in this case is whether the Supreme Court's ruling in *Jones v. United States* issued subsequent to Jackson's conviction, but while his appeal was pending, compels us to vacate his 25-year sentence and remand for resentencing. In *Jones*, the defendant was charged with violating the federal carjacking statute, but the indictment failed to "reference the statute's numbered subsections and charged none of the facts mentioned in the latter two." 119 S. Ct. at 1218. The same is true in the instant case. Also in *Jones*, the subsequent jury instructions issued by the district court "defined the elements subject to the Government's burden of proof by reference solely to the first paragraph of § 2119, with no mention of serious bodily injury" having actually occurred. *Id.* Although the district court here transmitted a special verdict form to the