RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0404P (6th Cir.)
File Name: 01a0404p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JABBAR PRIEST BULLS,
  *Petitioner-Appellee,*

  *v.*

             No. 00-1289

KURT JONES, Warden,
  *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-73698—Arthur J. Tarnow, District Judge.

Argued: April 25, 2001

Decided and Filed: November 19, 2001

Before: MARTIN, Chief Judge; MOORE, Circuit Judge;
O'MALLEY, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Laura Graves Moody, OFFICE OF THE
ATTORNEY GENERAL, HABEAS CORPUS DIVISION,
Lansing, Michigan, for Appellant. David A. Moran, STATE

_____

[*]The Honorable Kathleen M. O'Malley, United States District Judge
for the Northern District of Ohio, sitting by designation.

1

APPELLATE DEFENDER OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Laura Graves Moody, OFFICE OF THE ATTORNEY GENERAL, HABEAS CORPUS DIVISION, Lansing, Michigan, for Appellant. David A. Moran, STATE APPELLATE DEFENDER OFFICE, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Chief Judge. Jabbar Priest Bulls, a Michigan state prisoner, was convicted after a jury trial of first degree felony murder, assault with intent to rob while armed, and possession of a firearm during the commission of a felony. After exhausting state remedies, Bulls filed a petition in district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that the trial court unreasonably applied federal law in determining that the admission of statements by his non-testifying co-defendant as evidence against him, while a violation of his Sixth Amendment Confrontation Clause rights, was harmless error. The district court conditionally granted Bulls's petition, and the state of Michigan, representing the warden, appealed. For the reasons that follow, we AFFIRM the district court.

I.

Bulls's convictions stem from the shooting death of Jermaine Johnson during an armed robbery at Johnson's home in Flint, Michigan on August 24, 1995. Bulls, Terance Hill, and Deonte Matthews participated in the robbery. Matthews, who allegedly shot and killed Johnson during the robbery, was never brought to trial. Bulls was tried with co-defendant Hill, who served as look-out during the robbery. Neither Bulls nor Hill testified at trial.

The trial court allowed Police Sergeant Warren to testify regarding statements made by both Hill and Bulls while they were in police custody. The court also allowed Sergeant

injurious influence in determining the jury's verdict. Accordingly, the Michigan Court of Appeals's determination that the error was harmless was an unreasonable application of *Chapman*.

IV.

For the foregoing reasons, we AFFIRM the district court's conditional grant of Bulls's petition for a writ of habeas corpus.

that he knew that Matthews had a deadly weapon, was sufficient only to establish facts from which the jury *could infer* malice. The jury, however, was not required to infer malice from Bulls's confession. Michigan's repeated assertion that Bulls's own confession "established the necessary malice for his conviction" overlooks this crucial point. Again, we emphasize that Bulls's own confession only established facts from which the jury *could infer* that Bulls acted with malice.

However, with the admission of Hill's statement, the jury no longer needed to engage in any inferences at all. Hill's statement provided direct evidence that Bulls knew that there was a high likelihood that Matthews would kill Johnson, and thus that he "knowingly create[d] a very high risk of death or great bodily harm knowing that death or such harm would be the likely result of his actions." *See Kordenbrock v. Scroggy,* 919 F.2d 1091 (6th Cir. 1990) (finding that admission of confession obtained in violation of *Miranda* was not harmless error because "other than the inferences to be made from the fact of the robbery and the shooting, [the confession] was the only concrete, noncircumstantial piece of evidence the state had to prove the premeditation element of the crime."); *United States v. Doherty*, 233 F.3d 1275 (11th Cir. 2000) (finding that admission of inculpating statements in violation of *Bruton* was not harmless error because those statements were the "only direct evidence" implicating defendant in tax fraud conspiracy). In determining whether the admission of a confession by a non-testifying co-defendant violates the Confrontation Clause, the Supreme Court has recognized that confessions that "expressly implicate" a defendant are "powerfully incriminating." *Richardson v. Marsh*, 481 U.S. 200, 208 (1987). As opposed to evidence that is incriminating only when the jury makes an inference or when linked with other evidence, direct evidence is "more vivid than inferential incrimination, and hence more difficult to thrust out of mind." *Id.* In this case, Hill's statement obviated the need for the jury to infer anything, and directly supplied evidence of the disputed element of malice. We must conclude that this admission had a substantial and

Warren to read Hill's and Bulls's formal statements into evidence. According to Sergeant Warren, Bulls admitted that he proposed the robbery to Matthews and Hill, and that he suggested that Matthews bring his gun. Bulls stated that he and Matthews forced their way into Johnson's home while Hill remained outside as a look-out, and that he was upstairs searching a bedroom when he heard footsteps followed by a gun shot. Bulls asked Matthews why he fired, and Matthews responded that Johnson had tried to run. Bulls then fled the scene. Sergeant Warren acknowledged that Bulls never expressed an intent to shoot or kill Johnson.

Sergeant Warren also testified to statements made by Hill that incriminated Bulls. According to Hill, on the way to the robbery Bulls said that "everything was going to be okay as long as he [Matthews] doesn't kill him." Hill also stated that Bulls told him that it would be easier to rob Johnson with Matthews's gun. Hill also told Sergeant Warren that he had walked away from the robbery as soon as Bulls and Matthews entered the house, and was not present when the shooting occurred. Bulls objected to this testimony on the ground that admission of statements made by Hill, a non-testifying co-defendant, as evidence of his guilt violated his rights under the Confrontation Clause. The trial court overruled this objection, finding that the statements were admissible as statements against penal interest under Michigan evidentiary law.

The jury convicted Bulls of first degree felony murder, assault with intent to rob while armed, and possession of a firearm during the commission of a felony. The trial court sentenced Bulls to life imprisonment without parole on the murder conviction, twenty to fifty years imprisonment on the assault with intent to rob conviction, and two years imprisonment on the weapon conviction. The Michigan Court of Appeals affirmed Bulls's conviction on September 25, 1998, determining that while the admission of Hill's statements violated the Confrontation Clause, the admission constituted harmless error. *See People v. Bulls*, No. 202149 (Mich. Ct. App. Sept. 15, 1998). The Michigan

Supreme Court subsequently denied leave to appeal. *See People v. Bulls*, 460 Mich. 863 (1999).

Bulls then filed a petition for a writ of habeas corpus in district court, alleging violation of his Confrontation Clause rights. On February 22, 2000, the district court conditionally granted the writ, finding that the Michigan Court of Appeals had unreasonably applied federal law in determining that the Confrontation Clause violation constituted harmless error. Michigan appealed.

## II.

We review a district court's legal conclusions in a habeas corpus proceeding de novo and its factual findings for clear error. *See Vincent v. Seabold*, 226 F.3d 681, 684 (6th Cir. 2000). Federal habeas review of a state court's decision is governed by the standards set forth in the Antiterrorism & Effective Death Penalty Act of 1996. Section 2254(d) of the Act provides, in relevant part, that a federal court shall not grant a petition for a writ of habeas corpus unless the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

In *Williams v. Taylor*, the Supreme Court explained that the terms "contrary to" and "unreasonable application of" have independent meanings. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 405-06. An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. The inquiry is "whether the state court's application of clearly

Bulls possessed the third kind of intent that can establish the requisite malice for felony murder. Thus our inquiry is even narrower: whether the admission of Hill's statements had a substantial and injurious effect on the jury's determination that Bulls intended to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result.

In finding that the Confrontation Clause violation was harmless error, the Michigan Court of Appeals reasoned that Bulls had confessed to participating in the robbery and admitted that he knew Matthews had a gun. Therefore, the appeals court concluded that "because malice is a permissible inference from the use of a deadly weapon, a reasonable jury would have reached the same verdict on the basis of Bulls's confession alone." *People v. Bulls,* No. 202149 at 3. Michigan argues that this was a reasonable application of the *Chapman* harmless error test, and urges us to find that the violation of Bulls's Confrontation Clause rights did not have a substantial and injurious effect in determining the jury's verdict. Specifically, Michigan asserts that Bulls's own statements provide undisputed evidence that he acted with the requisite malice, and that the admission of Hill's statement merely provided some additional evidence. Bulls argues that his entire defense at trial was that although he participated in the robbery, he did not intend for Johnson to be shot or hurt, was surprised when Matthews shot the victim, and therefore did not possess the requisite malice. The admission of Hill's statements, he argues, devastated his defense by providing direct evidence that he acted with malice.

Malice, like any element of a crime, may be proven by direct or circumstantial evidence. As opposed to direct evidence, which if believed resolves the fact at issue, circumstantial evidence requires the jury to make an inference in order to establish a fact. *See* McCORMICK ON EVIDENCE 641-42 (5th ed. 1999). In this case, had Hill's statements not been admitted, the jury would have had only Bulls's own statements from which to determine whether Bulls acted with the requisite malice. Bulls's confession, in which he stated

*Nevers v. Killinger*, 169 F.3d 352, 371-72 (6th Cir. 1999);[1] *see also Barker v. Yukins*, 199 F.3d 867, 872-73 (6th Cir. 1999); *Gilliam v. Mitchell*, 179 F.3d 990, 994-95 (6th Cir. 1999) (endorsing *Brecht* standard for harmless error in Confrontation Clause habeas cases and rejecting *Chapman*). In satisfying the *Brecht* standard, the habeas petitioner bears the burden of demonstrating that the trial error resulted in "actual prejudice." *Nevers*, 169 F.3d at 371. Thus, as a federal habeas court reviewing the Michigan Court of Appeals' harmless error determination, we can grant Bulls's habeas petition only if he carries his burden of showing that the confrontation clause error had a substantial and injurious effect or influence in determining the jury's verdict.

In Michigan, the elements of felony murder are: 1) the killing of a human being, 2) with malice, 3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in the statute. *See People v. Carines*, 460 N.W.2d 130, 136 (1999). The element of malice can be established by proving an intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probably result. *Id.* The use of a deadly weapon permits an inference of malice. *Id.* at 136.

The parties agree that the issue before us is whether the admission of Hill's statements, the most prejudicial of which was Bulls's assertion that everything would be fine as long as Matthews did not kill Johnson, had a substantial and injurious effect on the jury's determination that Bulls possessed the requisite mental state to be convicted of first-degree felony murder. The parties also agree that there was a paucity of evidence establishing that Bulls possessed either the intent to kill or do great bodily harm, and that our focus is on whether

---

[1] *Williams v. Taylor*, while overruling the *Nevers* definition of "unreasonable," left unchanged its holding on the continued applicability of the *Brecht* test in federal habeas review of state court harmless error determinations. *See Vincent v. Seabold*, 226 F.3d 681, 689 (6th Cir. 2000).

established federal law was objectively unreasonable." *Id.* at 409. *Williams* cautioned that a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Finally, in determining whether a state court decision was contrary to or an unreasonable application of clearly established federal law, we may look only to "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412.

We believe that the Michigan Court of Appeals identified the correct legal principles from Supreme Court precedent, and thus the "unreasonable application" prong applies to this case. Our analysis is therefore confined to the question of whether the appeals court unreasonably applied clearly established federal law when it determined that the violation of Bulls's Confrontation Clause rights constituted harmless error.

### III.

### A.

We first conclude that the Michigan Court of Appeals's determination that the admission of Hill's statements violated the Confrontation Clause was a reasonable application of clearly established federal law. Michigan does not dispute that a confrontation clause error occurred, and our analysis of this preliminary issue will therefore be brief.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." That guarantee includes the right to cross-examine witnesses. *See Pointer v. Texas*, 380 U.S. 400, 404 (1965). The Supreme Court has repeatedly held that a non-testifying co-defendant's statements that implicate a defendant are presumptively unreliable and their admission violates the Confrontation

Clause. *See Douglas v. Alabama*, 380 U.S. 415, 419 (1965); s*ee also Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that the admission of non-testifying co-defendant's confession incriminating defendant, even with jury instructions to consider confession only against the co-defendant, violates the Confrontation Clause). The Supreme Court has noted that since *Douglas*, it "has spoken with one voice in declaring presumptively unreliable accomplices' confessions that incriminate defendants." *Lee v. Illinois*, 476 U.S. 530, 541 (1986); s*ee also Lilly v. Virginia,* 527 U.S. 116, 131 (1999); *Cruz v. New York,* 481 U.S. 186, 193 (1987). To overcome this presumption of unreliability and introduce such statements into evidence, the prosecution must show that the statements bear "adequate indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980); *United States v. McCleskey*, 228 F.3d 640, 644 (6th Cir. 2000) ("[I]t is clear that Supreme Court Confrontation Clause jurisprudence does not permit the introduction of hearsay declarations uttered by accomplices in law enforcement custody that inculpate a defendant, absent further 'particularized guarantees' of the declaration's trustworthiness.").

The Michigan Court of Appeals, citing *Roberts*, found that Hill's statements lacked sufficient indicia of reliability to satisfy the Confrontation Clause and that admitting them as substantive evidence against Bulls was error. *See People v. Bulls*, No. 202149 at 3. The court determined that Hill's statements:

> tended to shift blame by inculpating others more than himself. Hill described his role as minor, and his statements remove him from the crime scene prior to the murder of the victim. In addition, Hill's statements were made in response to custodial interrogation and during the plea negotiations, and therefore Hill may have been motivated by the desire to receive favorable treatment from the police and the prosecutor.

We have no trouble in concluding that the Michigan Court of Appeals's reasonably decided that the inculpatory statements

made by Hill, a non-testifying co-defendant, were presumptively unreliable and lacked any other indicia of reliability under *Roberts*. Accordingly, we conclude that the Michigan Court of Appeals reasonably applied clearly established federal law in determining that the admission of Hill's statements violated Bulls's rights under the Confrontation Clause.

B.

Confrontation Clause violations are subject to harmless error review. *See Chapman v. California*, 386 U.S. 18 (1967). We therefore next consider whether the Michigan Court of Appeals's determination that the error was harmless was an unreasonable application of clearly established federal law.

On direct appeal, a constitutional error such as a Confrontation Clause violation is harmless only if the reviewing court finds it was harmless beyond a reasonable doubt. *See id.* at 24. Federal habeas courts, however, utilize a different standard when reviewing state court harmless error decisions. In *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Supreme Court decided that although state courts were still required to apply the *Chapman* beyond a reasonable doubt standard on direct review, federal courts on habeas review must determine whether the constitutional trial error "had a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht,* 507 U.S. at 637 (citing *Kotteakos v. United States*, 328 U.S. 750 (1946)). We have confirmed that the *Brecht* test continues to apply after the enactment of the Antiterrorism & Effective Death Penalty Act of 1996, and that if a habeas petitioner satisfies the *Brecht* standard, "he will surely have demonstrated that the state court's finding that the error was harmless beyond a reasonable doubt . . . resulted from an unreasonable application of *Chapman*." *See*