8   *Stapleton v. Wolfe*                    No. 01-3184

### III.

For these reasons, we REVERSE the judgment of the district court and REMAND the case with instructions to issue a writ of habeas corpus unless Stapleton is granted a new trial within a time to be fixed by the district court.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0138P (6th Cir.)
File Name: 02a0138p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

PETER M. STAPLETON,
       *Petitioner-Appellant,*

              *v.*                              No. 01-3184

JEFFREY A. WOLFE, Warden,
       *Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 00-00058—James L. Graham, District Judge.

Argued: March 5, 2002

Decided and Filed: April 22, 2002

Before: MARTIN, Chief Circuit Judge; BOGGS and
       DAUGHTREY, Circuit Judges.

_____

### COUNSEL

**ARGUED:** Theresa G. Haire, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. Mark Joseph Zemba, OFFICE OF THE ATTORNEY GENERAL OF OHIO, Cleveland, Ohio, for Appellee. **ON BRIEF:** Theresa G. Haire, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for

1

Appellant.    Mark Joseph Zemba, OFFICE OF THE ATTORNEY GENERAL OF OHIO, Cleveland, Ohio, for Appellee.

————————

**OPINION**

————————

BOYCE F. MARTIN, JR., Chief Circuit Judge.  Peter M. Stapleton, an Ohio state prisoner, filed a petition in the district court for a writ of habeas corpus, based on the determination by the Ohio Court of Appeals that the improper admission of a non-testifying accomplice's statements was harmless error. The district court denied Stapleton's petition but issued a certificate of appealability.  Because the decision of the Ohio Court of Appeals is contrary to federal law clearly established in *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), we REVERSE the district court.

I.

On December 12, 1996, the homes of James Dishon and Marc Henery were burglarized. Stapleton, Danny Foreman and Ryan Studer were implicated in the crimes.  On January 30, 1997, an Ohio grand jury indicted Stapleton on two counts of burglary and two counts of theft, each with a firearm specification.

Before Stapleton's trial, Studer spoke with the police on two separate occasions: on January 15, 1997, before Studer's own burglary conviction, and on May 22, 1997, after his plea and conviction.  On the first occasion, Studer stated that he drove to the Henery house with Stapleton and Foreman, but remained in the car while Stapleton and Foreman burglarized the house.  At that time, he denied involvement in the Dishon burglary, suggesting that Stapleton and Foreman burglarized the Dishon residence after he went home.  On the second occasion, Studer acknowledged entering the Dishon residence and eventually admitted removing a gun from the house. The police recorded both conversations.

statements were cumulative is therefore the pivotal factor in our analysis of Stapleton's claim.

The Ohio Court of Appeals determined that Studer's statements were cumulative.  That determination runs contrary to federal law clearly established by the Supreme Court's in *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

In *Fulminante*, the Court determined that the admission of the defendant's coerced confession was not harmless error. In reaching this conclusion, the Court rejected the state's claim that, because the prosecution presented a second un-coerced confession at trial, the coerced confession was cumulative evidence.  The Court noted that "it is clear the jury might have believed that the two confessions reinforced and corroborated each other."  *Id.* at 299.  "For this reason," the Court found, "one confession was *not* merely cumulative of the other."  *Id.*

Similarly here, Stapleton's jury could have believed that the Foreman's statements and Studer's taped statements "reinforced and corroborated each other."  That *Fulminante* involved multiple confessions and Stapleton's case involved multiple accomplice statements does not materially distinguish his case from *Fulminante*.  In finding Studer's taped statements cumulative the Ohio Court of Appeals confronted a set of facts materially indistinguishable from those in *Fulminante*, but nevertheless arrived at a result different from the precedent established in *Fulminante*. Therefore, the Ohio Court of Appeals reached a decision contrary to clearly established federal law.

Having determined that Studer's taped statements were not cumulative, and upon consideration of the remaining *Van Arsdall* factors, we find that the admission of those statements "had a substantial and injurious effect or influence in determining the jury's verdict."  Therefore, the trial court's Confrontation Clause violation was not harmless error.

### B.

Having found a Confrontation Clause violation, we turn to the question of whether, in the habeas context, that violation was harmless error. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Specifically, we turn to whether the harmless error determination of the Ohio Court of Appeals was contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

On collateral review, an error is deemed harmless unless it "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Gilliam v. Mitchell*, 179 F.3d 990, 994-95 (6th Cir. 1999) (endorsing the *Brecht* harmless error standard in confrontation clause cases). If, however, "the matter is so evenly balanced" that this Court has "grave doubt" as to the harmlessness of the error, it "should treat the error, not as if it were harmless, but as if it affected the verdict (*i.e.*, as if it had a 'substantial and injurious effect or influence in determining the jury's verdict')." *Oneal v. McAnninch*, 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1994).

In determining whether the trial court's error was harmless, this Court examines the factors articulated in *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986): (1) "the importance of the witness' testimony in the prosecution's case," (2) "whether the testimony was cumulative," (3) "the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points," (4) "the extent of cross- examination otherwise permitted," and (5) "the overall strength of the prosecution's case." *Id.* at 684. Here, although Foreman's testimony corroborated portions of Studer's taped statements, those statements were of obvious importance to the prosecution's case. Moreover, Stapleton's counsel had no opportunity to cross examine Studer during his police interviews and, without Studer's statements, the prosecution's case was not strong. The question of whether Studer's

At Stapleton's trial, both Henery and Dishon testified that their homes were burglarized, but neither victim implicated Stapleton in the burglaries.

When the prosecution called Studer as a witness, he stated that he did not remember the burglaries and could not recall making any statements to the police concerning them. Studer also indicated that Stapleton was not with him during the burglaries. The prosecution then sought to admit the audiotapes of Studer's prior conversations.

Stapleton's counsel objected, arguing that he had been given no opportunity to cross examine Studer and that no corroborating circumstances existed to establish the trustworthiness of Studer's taped statements. The trial court determined that Studer was an unavailable witness and that his taped statements were against his interest, but delayed ruling on the admissibility of those statements until Foreman testified.

Foreman testified that Stapleton had driven him and Studer to the Dishon residence, kicked in the back door, and "ransacked the house." Foreman further testified that, following the Dishon burglary, the three burglarized the Henery residence. He also provided detailed testimony regarding how the three disposed of the stolen property.

After Foreman testified, the trial court ruled that there was sufficient evidence to corroborate Studer's taped statements and permitted their admission into evidence. The jury found Stapleton guilty on all counts.

Stapleton appealed his conviction to the Ohio Court of Appeals, which affirmed his conviction, finding "although . . . the trial court erred in admitting tapes of Studer's interviews, such error was harmless as the evidence was cumulative." Stapleton then appealed to the Ohio Supreme Court, which dismissed his appeal without opinion.

On January 20, 2000, Stapleton filed a petition for a writ of habeas corpus. The district court denied Stapleton's habeas

corpus petition, but granted his subsequent petition for a certificate of appealability.  Stapleton appealed.

## II.

This Court reviews the district court's legal conclusions *de novo*. *Bulls v. Jones*, 274 F.3d 329, 333 (6th Cir. 2001).  The Antiterrorism and Effective Death Penalty Act of 1996 prohibits a federal court reviewing a state court adjudication from granting a habeas petition unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C.A. § 2254(d)(1) (West 2002).  In determining whether a decision is "contrary to" or "involved an unreasonable application of" clearly established federal law, federal courts may only look to the "holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Bulls*, 274 F.3d at 333 (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)) (internal punctuation omitted).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases," or "if the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision . . . and nevertheless arrives at a result different from Supreme Court precedent." *Id.* (quoting *Williams*, 529 U.S. at 405-06).

## A.

Because the Ohio Court of Appeals found Studer's taped statements inadmissible under the Ohio Rules of Evidence, it did not consider whether their admission violated the Confrontation Clause of the Sixth Amendment.  We briefly address that issue now.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. CONST.

amend. VI. That guarantee includes the right to cross examine witnesses. *See Pointer v. Texas*, 380 U.S. 400, 404, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).  Statements by a non-testifying accomplice "that implicate a defendant are presumptively unreliable and their admission violates the Confrontation Clause." *Bulls*, 274 F.3d at 334 (citing *Douglas v. Alabama*, 380 U.S. 415, 419, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *see also Bruton v. United States*, 391 U.S. 123, 126, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)).  To overcome the presumption of unreliability attached to non-testifying accomplice confessions, the prosecution must show that the proffered statements bear "adequate indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

Studer's taped statements contain no such indicia of reliability.  Those portions of Studer's statements that inculpate Stapleton do not inculpate Studer and tend to shift responsibility to Stapleton; thus, the relevant portions of Studer's taped statements were not against his interest. Moreover, Studer's statements differed in several material respects from Foreman's "corroborating" testimony. Accordingly, we conclude that the admission of Studer's taped statements violated Stapleton's Confrontation Clause rights. *See also Lee v. Illinois*, 476 U.S. 530, 544-45, 106 S.Ct. 2056, 90 L.Ed.2d 514 (noting that a co-defendant's statements inculpating the defendant could be motivated by the co-defendant's impulse "to mitigate the appearance of his own culpability by spreading the blame" and finding that "when the discrepancies between the [co-defendant] statements [and the ostensibly corroborating testimony] are not insignificant, the co-defendant's confession may not be admitted").