Monte James **ROBERSON**, Petitioner

v.

Jesse James **WILLIAMS**,
**Warden, Respondent**

No. 3:04 CV 7099.

United States District Court,
N.D. Ohio,
Western Division.

Aug. 18, 2004.

Monte James Roberson, Lima, Pro se.

Bruce D. Horrigan, Office of the Attorney General State of Ohio, Cleveland, OH, for Jesse J Williams, Warden, Respondent.

### OPINION AND ORDER

POTTER, District Judge.

This action is before the Court on Monte James Roberson's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, respondent's answer, and petitioner's traverse. Petitioner presently is incarcerated at Allen Correctional Institution in Lima, Ohio.

As an initial matter, the Court finds that the petition may be resolved from the record. Therefore, an evidentiary hearing is not required. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Amos v. Scott*, 61 F.3d 333, 346 (5th Cir. 1995); Rule 8 of Rules Governing § 2254 Proceedings. Furthermore, for the reasons hereinafter stated, petitioner's habeas petition is denied.

On August 30, 2000, a five count indictment against petitioner was filed in Hancock County alleging the following: Count One, Engaging in a Pattern of Corrupt Activity, in violation of Ohio Rev.Code § 2923.32(A)(1); Counts Two, Three, and Four, Trafficking in Marijuana, in violation of Ohio Rev.Code § 2925.03(A), with a school specification; and, Count Five, Possession of Marijuana, in violation of Ohio Rev.Code § 2925.11(A). Respondent's Exhibit 2. In response to petitioner's request, the state filed a bill of particulars in the Hancock County Common Pleas Court on July 13, 2001. Respondent's Exhibit 3. Later, on May 29, 2002, the state filed an amended bill of particulars. Respondent's Exhibit 4.

A state court transcript filed by respondent indicates that petitioner was displeased with his attorney and perhaps sought to fire counsel before trial. Respondent's Exhibit 9, p. 4. On February 1, 2002, petitioner, *pro se*, filed a motion to dismiss Count One of the Indictment. Respondent's Exhibit 5. Additionally, petitioner, *pro se*, filed a motion to withdraw his not guilty plea as to Count Five and enter a plea of no contest. Respondent's Exhibit 7. At a hearing on March 21, 2002, petitioner indicated that counsel had been reinstated. During that proceeding, the trial court granted petitioner's motion to withdraw his guilty plea as to Count Five, and permitted him to tender a plea of no contest. Respondent's Exhibit 9, p. 7–9.

However, no ruling was issued pertaining to petitioner's motion to dismiss Count One of the Indictment. Thereafter, on May 22, 2002, petitioner entered a plea of no contest to Count Five, Possession of Marijuana. Respondent's Exhibits 10, 11, 12.

A jury trial began on May 30, 2002. The state motioned to dismiss Count Three, and such motion was granted. On June 6, 2002, the jury returned a verdict, finding petitioner guilty of Counts One, Two, and Four. Respondent's Exhibit 13. Petitioner then was sentenced to a total aggregate term of six years and eleven months in prison. Respondent's Exhibit 15.

Despite the trial judge's discouragement, petitioner undertook his direct appeal without the assistance of counsel. Respondent's Exhibit 17 (transcript of proceeding wherein the judge discusses at length the risks of proceeding on appeal *pro se* ). On June 28, 2002, petitioner filed a *pro se* notice of appeal. Respondent's Exhibit 19. However, in an entry filed on July 18, 2002, the court of appeals dismissed petitioner's appeal for lack of jurisdiction because the sentencing entry had not been signed and there was not yet a final judgment on the record. Respondent's Exhibits 17 and 20.

On August 16, 2002, petitioner filed his second *pro se* notice of appeal from the judgment of conviction entered on August 9, 2002. Respondent's Exhibits 17 and 22. Petitioner filed his appellate brief on October 18, 2002, raising a single assignment of error:

> The indictment for count (1) O.R.C. § 2923.32(A) Engaging in a Pattern of Corrupt Activity, was insufficient as it omitted material and essential facts and or elements constituting that offense. Said omissions violating the appellant's constitutional rights under Article (1) Section (10) of the Ohio Constitution and

the Fourteenth Amendment to the United States Constitution.

Respondent's Exhibit 23. The state filed its opposition, the petitioner responded, and the state followed with another reply. Thereafter, the Third Appellate District Court issued its judgment entry on September 2, 2003. Respondent's Exhibit 27. In its opinion, the appellate court first found that the indictment contained, in Counts Two and Four, offenses that qualified as predicate offenses under the corrupt activity statute. The court of appeals additionally determined that petitioner had sufficient notice of the unindicted predicate offenses that the state intended to use to show a pattern of corrupt activity because the bill of particulars described such unindicted offenses. Accordingly, the court of appeals overruled petitioner's assignment of error, finding "any error in the omission of the predicate acts from the indictment to be harmless beyond a reasonable doubt."

Petitioner, still acting *pro se*, appealed to the Supreme Court of Ohio on September 19, asserting one proposition of law:

> *Proposition of Law Number I:* The indictment for count (1) O.R.C. § 2923.32(A) Engaging in a Pattern of Corrupt Activity was insufficient as it omitted material and essential facts and/or elements constituting that offense. The omissions violated the appellant's substantial constitutional rights as provided by Article 1 Section 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. Said violations constituting more than mere harmless error when objected to prior to and during trial.

Respondent's Exhibit 29. The Supreme Court of Ohio filed an entry on December 10, 2003 denying leave to appeal and dismissing the appeal as not involving any substantial constitutional question. Respondent's Exhibit 31.

Finally, on March 3, 2004, the Court received petitioner's federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254, raising the following ground for relief and supporting facts:

Ground one:

> The State's charging instrument for O.R.C. § 2923.32(A) denied the petitioner his federal constitutional right to due process as provided by the Fourteenth Amendment to the United States Constitution by not giving him fair notice of the charge against him so that he could prepare an adequate defense.

Supporting FACTS:

> The State's charging instrument (indictment) for O.R.C. § 2923.32(A) did not notify the petitioner of what violations of law the State would seek to prove to show a pattern of corrupt activity. The State had the option of over seventy (70) violations of state and federal laws that it could use to show the petitioner engaged in a pattern of corrupt activity. The petitioner could not prepare an adequate defense to the charge without specific notification in the indictment of what violations of law he must defend against.

Petition, APPENDIX "C".

■■■■ Respondent contends that petitioner's ground for habeas relief is without merit. Petitioner filed his habeas petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), wherein 28 U.S.C. § 2254(d) was codified. Under this provision, the federal district court only may grant petitioner's writ of habeas corpus if the Ohio court's adjudication of the merits of petitioner's ground for relief:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1] As the Supreme Court explained in *Williams,* "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). The United States Supreme Court, during its 2003 term, reiterated in *Lockyer* that a state court's decision is "contrary to" Supreme Court principles when the state court applies a rule that contradicts the holdings set forth in Supreme Court cases, or " 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.' " *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003)(*citing Williams,* 529 U.S. at 405–06, 120 S.Ct. 1495). Additionally, the United States Supreme Court reasserted recently that "the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2534–35, 156 L.Ed.2d 471 (2003) (*citing Williams,* 529 U.S. at 407, 120 S.Ct. 1495).

---

1. As petitioner does not dispute the underlying facts, 28 U.S.C. § 2254(d)(2) is inapplicable to the case *sub judice.* See *Price v. Vin-* *cent,* 538 U.S. 634, 123 S.Ct. 1848, 1853, 155 L.Ed.2d 877 (2003).

Further, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Id.* (*citing Lockyer*, 123 S.Ct. at 1175 (*citing Williams*, 529 U.S. at 407, 120 S.Ct. 1495)). Finally, a state court's application of a United States Supreme Court principle may be found "unreasonable" only if the state court's decision was "more than incorrect or erroneous"; it must have been "'objectively unreasonable.'" *Wiggins*, 123 S.Ct. at 2535 (*citing Lockyer*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144; *Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

Petitioner's ground for habeas relief essentially asserts that the state's failure to set forth in the indictment predicate offenses underlying the pattern of corrupt activity count deprived him of due process of law because he did not have notice of what charges he must defend against.[2] The indictment at issue in this case, in addition to the pattern of corrupt activity count, alleged three counts of trafficking marijuana and a single count of possession. Beyond the indictment, the state set forth unindicted acts in two sets of bill of particulars. Petitioner, in his traverse, contends that neither the original bill of particulars nor the amended bill of particulars cured the deficient indictment because said documents failed to give sufficient notice of the *specific* unindicted predicate offenses utilized at trial by the state. Further, petitioner's traverse argues that the state should have been restricted to relying on the indicted Counts Two, Three, Four, and Five to prove the pattern of corrupt activity charge, as he had adequate notice of those alleged offenses.[3] Had the state been so limited, petitioner additionally argues, his conviction on Counts Two and Four was not sufficient to show a pattern of corrupt activity. As this part of petitioner's traverse, apparently alleging a sufficiency of the evidence claim, never has been presented to the state courts, and now would be barred procedurally, it is barred for purposes of federal habeas corpus review. *Gray v. Netherland*, 518 U.S. 152, 161–162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

■ The last explained state-court judgment in the case *sub judice* was offered by the state court of appeals. See *Ylst v. Nunnemaker*, 501 U.S. 797, 801–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir.2000). The state appellate court cited no federal law when disposing of petitioner's claim.[4]

---

2. It is settled that the Constitution does not require states to provide an indictment at all. *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). However, the due process clause mandates that whatever charging method a state utilizes, a criminal defendant must be given notice of the charges against him sufficient to allow him to prepare a defense. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir.1984) (*citing Combs v. Tennessee*, 530 F.2d 695 (6th Cir.1976), cert. denied, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976), and *In Re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968)). Additionally, except for the issue of notice, a claimed deficiency in a state criminal indictment is not cognizable in federal habeas corpus. *Roe v. Baker*, 316 F.3d 557 (6th Cir.

2002). Also see *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir.1988).

3. Petitioner raised a similar claim in his state appellate brief when he discussed the case of *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), concerning 21 U.S.C. § 848(a), a federal corrupt enterprise statute requiring jury unanimity as to each predicate act. As this case distinguished the interpretation of the federal statute from the common state practice of not requiring jury unanimity with regard to underlying criminal acts, the Court agrees with the court of appeals that this case is not on point.

4. As noted *supra*, the court of appeals, in its opinion, does discuss briefly *Richardson v.*

A state court's decision is not contrary to clearly established law simply because the court failed to cite United States Supreme Court opinions. *Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003) (*citing Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)). In fact, the Supreme Court has held that state courts need not even be aware of Supreme Court precedents, "so long as neither the reasoning nor the result of the state court decision contradicts them." *Id.*

In the instant case, the state appellate court conducted a constitutional fair notice due process analysis, similar to the notice principles set forth in the United States Supreme Court case *In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).[5] The state court determined that the indictment failed to adequately notify the petitioner of the charges against him. Neither petitioner nor respondent argues that, at this point, the court of appeals' decision conflicts with the reasoning or holdings of United States Supreme Court precedent. This Court therefore finds that the state appellate court's finding that the indictment failed to meet the due process requirement of fair notice is not contrary to clearly established federal law.

However, the state court's reasoning did not end with this determination, but went on to complete a harmless error review of the constitutional due process violation. The United States Supreme Court has determined that "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

**5.** See, also, *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir.1984). This case cites to *In re*

Also see *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) setting forth the harmless error principle. The Third Appellate District Court issued the following analysis in its September 2, 2003 opinion,

In this instance, the bill of particulars and amended bill of particulars filed by the state were more specific in describing the conduct alleged in the indictment, namely violations of R.C. 2925.11(A) and 2925.03(A). The bill of particulars filed on July 13, 2001, gave Roberson nearly eleven months notice of those predicate offenses that the state intended to use to prove a pattern of corrupt activity. Furthermore, the trial court properly instructed the jury that "[i]ncidents of corrupt activity need not be brought by the State of Ohio by way of formal criminal charges. You may consider both unindicted and indicted incidents so long as you determine in accordance with these instructions that such incidents occurred beyond a reasonable doubt and the combined proceeds of this illegal activity exceeded $500." The court instructed the jury that they could consider Counts Two and Four of the indictment (trafficking in marijuana with a school zone specification) as incidents of corrupt activity as alleged in Count One. The court then outlined the unindicted crimes which the state alleged were predicate acts. Specifically, the court instructed on the elements of possession of marijuana in excess of one thousand grams, in violation of R.C. 2925.11(A)(C)(3)(d); and trafficking in marijuana, in violation of R.C. 2925.03.

*Ruffalo* when discussing the Fourteenth Amendment's requirement that a criminal defendant be given fair notice of the charges against him. Additionally, petitioner cites *Koontz* in his traverse.

Roberson does not allege that the unindicted crimes which the state utilized as the predicate offenses, and sought to prove at trial, were switched or changed from those set forth in the original bill of particulars. The jury instructions at trial outlined the same unindicted offenses contained in the bill of particulars provided to the defendant nearly eleven months before trial. Thus, Roberson's argument that he did not have sufficient notice of the predicate acts to properly prepare a defense because the acts were not contained within the four corners of the indictment is untenable. Therefore, because the name or identity of the crime charged was not changed and Roberson received sufficient notice of what he must defend against, it cannot be said that Roberson was misled or prejudiced by the omission of such element from the indictment or that there was a failure of due process requiring reversal of defendant's conviction. Accordingly, we find any error in the omission of the predicate acts from the indictment to be harmless beyond a reasonable doubt.

Respondent's Exhibit 27, p. 8–9.

■ When state courts directly review constitutional errors, they are required to employ the *Chapman* harmless error test as the state appellate court did in the case *sub judice*. *Zobel v. Tate*, 36 Fed.Appx. 772, 777, 2002 WL 220637 (6th Cir.2002) (*citing Bulls v. Jones*, 274 F.3d 329, 335 (6th Cir.2001)). Respondent's answer explains, however, that federal habeas courts apply their own standard of review when considering state harmless error decisions. In such cases, federal habeas courts apply the *Brecht* test to "determine whether the constitutional trial error 'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Bulls*, 274 F.3d at 335 (*quoting Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123

L.Ed.2d 353 (1993)). Though the *Brecht* test was articulated in a pre-AEDPA case, the Sixth Circuit Court of Appeals has held that said test continues to apply, reasoning that "if a habeas petitioner satisfies the *Brecht* standard, 'he will surely have demonstrated that the state court's finding that the error was harmless beyond a reasonable doubt...resulted from an unreasonable application of *Chapman*.'" See *Bulls, supra* (citations omitted). Also see *Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir.2003); *Henry v. Martin*, 105 Fed. Appx. 786, 793, 2004 U.S.App. LEXIS 15886, *22 (6th Cir.2004); *Bell v. Hurley*, 97 Fed.Appx. 11, 16, 2004 WL 446224, *3 (6th Cir.2004); and, *Lee v. Russell*, 49 Fed.Appx. 544, 549 n. 2 (6th Cir.2002). Moreover, the United States Supreme Court, in a post-AEDPA case, *Calderon v. Coleman*, confirmed that federal habeas courts should continue to utilize the *Brecht* analysis to determine whether a habeas petitioner was "actually prejudiced" by a constitutional error. *Calderon v. Coleman*, 525 U.S. 141, 145–146, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998).

■ Petitioner, however, in his traverse, cites the United States Supreme Court case, *Arizona v. Fulminante*, and argues that the faulty indictment is a "structural error" that is *per se* prejudicial.[6] See *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). While most constitutional errors are subject to the harmless error analysis, "structural errors are conclusively presumed to affect the substantial rights of the defendant". *United States v. Higgs*, 353 F.3d 281, 304 (4th Cir.2003) (*citing Neder v. United States*, 527 U.S. 1, 8–9, 119 S.Ct. 1827, 144 L.Ed.2d 35(1999)). Examples of structural errors include "the failure to honor the core principle of proof beyond a reasonable doubt, the complete deprivation of counsel,

---

**6.** It is not disputed that "trial errors" are subject to harmless error review.

the denial of the right to self-representation at trial, a biased trial judge, and the failure to preserve open and public trials."[7]  *Id.* (*citing Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *Arizona v. Fulminante, supra; McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927)).

No clear United States Supreme Court precedent indicates that a flawed state indictment may not be subjected to harmless error review.  In a case involving a federal indictment, the Supreme Court found that when the proof offered at trial varies from the indictment, but does not affect the substantial rights of the accused, the variance is harmless.  *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).  The Court later distinguished that it is prejudicial *per se* when an indictment alleges one set of facts as the basis of an allegation, but the prosecution advances a completely different theory at trial which effectively amends the indictment.  *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

The Sixth Circuit Court of Appeals, in *Watson v. Jago*, considered *Berger* and *Stirone* when it granted a writ of federal habeas.  Petitioner, during the state court trial, had been forced to defend against a charge of felony-murder, which was not a charge included in the indictment.  Finding that the circumstances resembled *Stirone* more than *Berger*, the Sixth Circuit determined that the petitioner was prejudiced as a matter of law.  *Watson v. Jago*, 558 F.2d 330 (6th Cir.1977).

In another Sixth Circuit case, *United States v. Jackson*, which pertains to a federal indictment that neglected to include all the elements of the alleged offense, the circuit court suggested that a harmless error analysis would have been appropriate, but the government failed to offer this argument so the court was forced to reverse.  *United States v. Jackson*, 214 F.3d 687, 688, 690 (6th Cir.2000).  Additionally, the First Circuit has determined that a harmless error review is applicable when the indictment failed to give fair notice, particularly when other documents informed the defendant of the nature of the of the charges.  *United States v. Yefsky*, 994 F.2d 885 (1st Cir.1993); *United States v. Mojica–Baez*, 229 F.3d 292 (1st Cir. 2000).  Finally, the Tenth Circuit has found that an indictment's failure to allege every element of a charge may be reviewed for harmlessness.  *United States v. Prentiss*, 256 F.3d 971, 984 (10th Cir.2001).

■  In light of the caselaw examined above, the Court finds that petitioner's assertion that the flawed indictment is not amenable to a harmless error analysis is not well taken.  Unlike *Stirone* and *Watson, supra*, where the insufficient indictment was rendered *per se* prejudicial, here, no new charges were added to the indictment, either constructively or formally.  Instead, the case *sub judice* more closely resembles the above-mentioned harmless error cases that involved the failure to allege every element of the offenses charged.

The question before the Court, therefore, is whether the failure to include the unindicted acts evidence in the indictment "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht, supra*.  As the bill of partic-

**7.** Caselaw indicates that the difference between trial errors and structural errors is not always a question of when the error occurred during the legal proceedings, but more a question of what right was violated as a result of the error.

**770**

ulars gave petitioner actual and fair notice of what charges he would have to defend himself against at trial, and the jury instructions subsequently outlined the same unindicted acts described in the bill of particulars, the Court cannot find that petitioner was "actually prejudiced by the error." *Calderon, supra.* Accordingly, this Court cannot grant petitioner's petition for federal habeas corpus.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the petition for writ of habeas corpus be, and hereby is, DENIED; and it is

FURTHER ORDERED that petitioner is denied a certificate of appealability; and it is

FURTHER ORDERED that petitioner is denied leave to file an appeal *in forma pauperis.*