**Edward Omar SPEARMAN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–1378.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge.[*]

Edward Omar Spearman, a federal prisoner proceeding pro se, appeals a district court judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Spearman was originally indicted in April 1991, along with two codefendants, on four drug and firearms charges. He pleaded guilty in October 1991 to one count of dealing in firearms without a license and one count of conspiracy to distribute cocaine. Spearman was sentenced on January 16, 1992, to a total of 240 months in prison and five years of supervised release. He challenged his conviction and sentence in a § 2255 motion alleging, *inter alia*, ineffective assistance of counsel. Following a hearing, the district court granted the motion.

A superseding indictment, handed down in March 1995, added a count charging the drug-related murders of two persons, and two counts of using firearms in relation to felony drug offenses. A second superseding indictment listed the two murders as separate counts and added a count charging Spearman with engaging in a continuing criminal enterprise (CCE). Spearman was convicted by a jury of CCE; drug-related murder (two counts); dealing in firearms without a license; conspiracy to provide false statements in connection with

the acquisition of firearms; using a firearm in connection with a felony drug offense (two counts); and conspiracy to distribute cocaine. The government agreed to dismiss the conviction for conspiracy to distribute cocaine for the purpose of sentencing. The district court sentenced Spearman on June 26, 1996, to three terms of life in prison, with consecutive terms of five years and twenty years. The judgment was affirmed in an unpublished opinion. *See United States v. Spearman,* No. 96–1887, 1998 WL 840870 (6th Cir. Nov.17, 1998).

In the instant motion to vacate, Spearman presented six grounds for relief. The district court denied the motion in an order and separate judgment entered on January 23, 2001. Spearman's timely motion to alter or amend the judgment was denied in an order entered on February 21, 2001. This court granted Spearman's application for a certificate of appealability only as to his claim that trial counsel rendered ineffective assistance by failing to raise and preserve a proper challenge to the grand jury selection process under *United States v. Ovalle,* 136 F.3d 1092 (6th Cir.1998).

On appeal, Spearman continues to argue that his trial counsel was ineffective for failing to properly raise and preserve his jury selection issue. He moves for the appointment of counsel on appeal.

Upon review, we affirm the district court's judgment. This court reviews a district court's factual findings in its denial of a § 2255 motion for clear error and reviews its legal conclusions *de novo. Murr v. United States,* 200 F.3d 895, 900 (6th Cir.2000). In order to prevail in a motion to vacate alleging constitutional error, the movant must show that the error had a substantial and injurious effect or

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Wright v. United States,* 182 F.3d 458, 463 (6th Cir.1999).

■ The district court improperly found Spearman's ineffective assistance of trial counsel issue to be waived due to his failure to raise that issue on direct appeal. Spearman should not be penalized for following the case law of this circuit which states that, in general, a claim of ineffective assistance of counsel will not be considered on direct appeal because the record on the issue is not developed so as to permit adequate review. Instead, this court has consistently held that the proper vehicle for raising an ineffective assistance of counsel claim is in a motion to vacate under § 2255. *See, e.g., United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). In light of this circuit's general preference for considering ineffective assistance of counsel claims in a § 2255 motion, we affirm the district court for that court's additional finding that Spearman's claim is without merit.

■ Spearman claims that trial counsel was ineffective for failing to raise a proper *Ovalle* challenge to the grand and *petit* jury selection process. This court's opinion on direct appeal arguably offers some support for that claim. While not commenting on the ultimate merits of a *properly* preserved *Ovalle* claim, this court stated:

> Because defendant made a timely objection to the composition of the jury pool prior to commencement of jury selection, his challenge under *Ovalle* was not lost on timeliness grounds. However, because defendant did not base his challenge upon the same grounds as permitted by *Ovalle* for such challenges, defendant's challenge to his conviction is not preserved for review.... Although *Ovalle* may be ill-advised in its reason-

ing or unduly circumscribed by its own terms in its application, we are constrained to abide by it. Defendant has therefore failed to describe a properly preserved challenge under *Ovalle. Spearman,* 1998 WL 840870, at *10.

"In order to prevail [on a claim of ineffective assistance of counsel], the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *see also Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman,* 477 U.S. at 374, 106 S.Ct. 2574.

Even if it is assumed that counsel's performance was deficient for failing to properly preserve Spearman's jury selection issue on the ground found in *Ovalle,* Spearman has failed to show that counsel's error prejudiced his defense so that "the trial was rendered unfair and the verdict rendered suspect." *Kimmelman,* 477 U.S. at 374, 106 S.Ct. 2574. Spearman, an African–American, does not even allege that he suffered any prejudice from the random removal of non-blacks from the jury pool, the flaw in the jury selection plan identified by the *Ovalle* court. *See, e.g., United States v. Carr,* 1999 WL 211928, at *6 (6th Cir. Mar.11, 1999) (finding it unlikely that a black defendant could establish prejudice from counsel's failure to object to the jury venire in the district court, because "the jury selection plan criticized in *Ovalle* excluded non-blacks from juries"); *see also*

*Ovalle*, 136 F.3d at 1107–08. Instead, the only prejudice he claims is the loss of his ineffective assistance of trial counsel claim, due to *appellate* counsel's failure to raise the issue. In addition, had trial counsel raised a proper challenge, the likelihood is that Spearman would merely have been reindicted by a properly-constituted grand jury. *See Ovalle*, 136 F.3d at 1098 n. 8. Therefore, Spearman has not demonstrated a reasonable probability that the result of the proceeding would have been different.

Accordingly, Spearman's motion to appoint counsel is denied. The district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.