NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0426n.06

No. 11-5952

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| EDWARD OMAR SPEARMAN, | ) | **FILED**<br><br>*Apr 17, 2012*<br><br>LEONARD GREEN, Clerk |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ERIC D. WILSON, Former Warden USP-<br>McCreary; RICHARD IVES, Warden USP-<br>McCreary, | ) | THE EASTERN DISTRICT OF<br>KENTUCKY |
| | ) | |
| | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Edward Omar Spearman, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In 1996, a jury convicted Spearman of participating in a continuing criminal enterprise; two counts of drug-related murder; firearm use during a felony drug offense; dealing in firearms without a license; conspiring to provide false statements in connection with the acquisition of firearms; and conspiring to distribute cocaine. The district court sentenced Spearman to three concurrent terms of life in prison, with consecutive terms of five years and twenty years of imprisonment. We affirmed the district court's judgment on appeal. *United States v. Spearman*, No. 96-1887 (6th Cir. Nov. 17, 1998).

Thereafter, Spearman filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 challenging his continuing criminal enterprise conviction. The district court denied the section 2255 motion and we affirmed. *Spearman v. United States*, No. 01-1378 (6th Cir. Aug. 8, 2002).

Spearman then filed a motion under Federal Rule of Civil Procedure 60(b) arguing that the district court erred when it denied his section 2255 motion. The district court denied the motion as untimely and we affirmed. *Spearman v. United States*, No. 07-2534 (6th Cir. Nov. 25, 2008). In July 2010, Spearman filed his first section 2241 habeas petition. The district court denied the petition and we affirmed. *Spearman v. Wilson*, No. 10-6020 (6th Cir. Mar. 23, 2011).

On August 20, 2010, Spearman filed his current section 2241 habeas petition, again challenging the validity of his continuing criminal enterprise conviction. The district court denied Spearman's section 2241 habeas petition, concluding that he neither showed that his remedy under section 2255 was inadequate or ineffective, nor his actual innocence of the continuing criminal enterprise conviction.

On appeal, Spearman argues that the district court:  1) engaged in judicial activism when it concluded that he could not seek relief pursuant to section 2241 without first showing that his remedy under section 2255 was inadequate or ineffective, in violation of his right to pursue the Great Writ; and 2) erred when it declined to adjudicate the merits of his *Richardson v. United States*, 526 U.S. 813 (1999), claim. Spearman has also filed a motion for leave to proceed in forma pauperis on appeal.

We review de novo the denial of a request for section 2241 relief, *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999), but review the district court's factual determinations for clear error. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).

The district court properly denied Spearman's section 2241 petition. A petitioner challenging the legality of a sentence must bring his claim under section 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under section 2241 in the court having jurisdiction over the prisoner's custodian. *Charles*, 180 F.3d at 755-56. A federal prisoner may challenge his conviction and the imposition of a sentence under section 2241, instead of section 2255, only if he is able to establish that his remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

A prisoner seeking to avail himself of the "savings clause" exception of section 2255 bears the burden of presenting a credible claim of actual innocence that is not cognizable in a successive section 2255 motion. *Martin*, 319 F.3d at 804. In order to establish actual innocence, Spearman must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See id*. (internal quotation marks omitted). Prisoners have satisfied this burden by showing that there has been an intervening change in the law that establishes their actual innocence. *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles*, 180 F.3d at 757.

However, Spearman has not shown that his section 2255 remedy is inadequate or ineffective. The remedy under section 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under section 2255, the petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred from pursuing relief under section 2255, or the petitioner has allowed the one-year statute of limitations to expire. *See Charles*, 180 F.3d at 756-58. Furthermore, Spearman has failed to make a sufficient showing of actual innocence. *Martin*, 319 F.3d at 804.

We grant the motion to proceed in forma pauperis and affirm the district court's judgment.