*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0051P (6th Cir.)
File Name: 03a0051p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHN T. MARTIN,
  *Petitioner-Appellant,*

  *v.*

  No. 01-5690

EDWARD PEREZ,
  *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 01-00037—Henry R. Wilhoit, Jr., District Judge.

Submitted: January 30, 2003

Decided and Filed: February 13, 2003

Before: MARTIN, Chief Circuit Judge; MERRITT and
LAY,* Circuit Judges.

---

### COUNSEL

**ON BRIEF:** Frances E. Catron, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.
John T. Martin, Ashland Kentucky, pro se.

---

*The Honorable Donald P. Lay, Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

————————————

**OPINION**

————————————

   BOYCE F. MARTIN, Jr., Chief Circuit Judge.   Pro se petitioner John T. Martin appeals the dismissal of his petition for habeas corpus relief under 28 U.S.C. § 2241.   Without requiring the federal warden, Edward Perez, to file a response, the district court dismissed the Section 2241 petition as a successive petition brought after successive claims under 28 U.S.C. § 2255, which the circuit court for the sentencing court refused to allow.   Martin argues that his Section 2241 petition was improperly dismissed.   Because we find, as required by Congress, that Martin's process under Section 2255 was inadequate and ineffective, we REMAND this case to the district court for further proceedings consistent with this opinion.

   The Southern District of Indiana indicted Martin in May of 1996 for manufacturing and detonating a pipe bomb.   Martin manufactured a bomb that was five and one half inches long and one and one half inches in diameter, and he detonated it at the back door of a private residence in Madison, Indiana. While Carol Horton owns the residence, it is occupied by her son, James Bowyer.   Martin believed Bowyer was dating his ex-wife, and he wanted to frighten him.

   After lighting the bomb's fuse and detonating it, Martin fled.   He devised an alibi for the crime, and he had a friend destroy his materials.   Martin also destroyed the shoes he wore during the crime and asked his co-workers to lie to investigators.   Martin asked an eyewitness to the crime to lie, and he convinced a friend to lie to a federal grand jury about his knowledge of the bombing.   Martin was indicted for obstruction of justice, constructing and possessing an unregistered firearm (the bomb), making and inducing false statements to federal agents, and violating the federal bombing statute.

consequences of his mistake." *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001); *see also United States v. Emmanuel*, 288 F. 3d 644, 649 (4th Cir. 2002); *Morales v. United States,* 304 F.3d 764, 767 (8th Cir. 2002).

What matters for Martin today, however, is that he has satisfied the requirements of the Section 2255 savings clause. He is entitled to a hearing under Section 2241. For the foregoing reasons, we REMAND to the district court for further proceedings consistent with this opinion.

In July of 1996, pursuant to a plea agreement with the United States, Martin pled guilty to the federal bombing charges, under 18 U.S.C. § 844(i), and the obstruction charges, under 18 U.S.C. § 1503. As part of his plea agreement, Martin admitted his guilt as to all four counts of the indictment. The plea agreement also included extensive stipulated facts as to Martin's guilt. On December 16, the court sentenced Martin to one hundred and eight months confinement, three years supervised release, and restitution to Horton and Bowyer.

Although he had pled guilty to the charges, Martin appealed his conviction. He argued that his conduct did not constitute a federal offense because there was not a sufficient nexus between his conduct and interstate commerce, relying on *United States v. Lopez*, 514 U.S. 549 (1995). Martin said the stipulated facts in his case were insufficient evidence of his guilt under Section 844(i). The Seventh Circuit rejected Martin's appeal, stating the challenge to the sufficiency of the evidence was made unreviewable by Martin's guilty plea. The court found that the stipulated facts were intended to establish the nexus to interstate commerce as required by Section 844(i). Because *Lopez* was decided more than a year before Martin entered his plea, the necessity of establishing a nexus to interstate commerce was clear. *United States v. Martin*, 129 F.3d 120, *2, *redesignated as opinion*, 147 F.3d 529 (7th Cir. 1998).

Martin then began filing a series of motions with the convicting court. On February 1, 1999, Martin filed a motion to correct the judgment in the Indiana district court. The court ruled that this motion was properly construed as Martin's first motion for collateral relief under 28 U.S.C. § 2255. Martin attacked his conviction on the obstruction of justice charge. He claimed he pled guilty to a crime he did not commit because of a variance between the stipulated facts and the indictment. He did not claim that his guilty plea was involuntary or unintelligent, nor did he raise any *Lopez* issue regarding the connection with interstate commerce. The convicting court, located in the Southern District of Indiana,

denied the Section 2255 motion, finding 1) the obstruction argument was procedurally defaulted, 2) Martin waived all non-jurisdictional defects by his guilty plea, and 3) on the merits the Section 1503 obstruction of justice charge was justified by the stipulated facts.

On June 14, Martin filed a notice of appeal to the Seventh Circuit. The district court considered this motion a request for certificate of appealability under 28 U.S.C. § 2253(c)(2). This motion was denied. On March 20, 2000, the Seventh Circuit reviewed the final order of the district court and the record of the Section 2255 request. The court found no substantial showing of a denial of a constitutional right and denied Martin's request for a certificate of appealability.

While this decision was pending, however, Martin filed a "motion to dismiss the indictment against him for lack of jurisdiction," requesting relief from his convictions. The Indiana district court construed this as a second motion under Section 2255. The district court denied the motion, because Martin had not received permission from the Seventh Circuit to file a second or successive petition. Martin then filed another motion, this time entitled "Administrative Notice," requesting relief from his convictions. The district court treated this as a third petition under Section 2255 and denied relief, again because Martin had no permission from the Seventh Circuit to file.

In June of 2000, Martin filed a petition to the Seventh Circuit, seeking permission to file a second or successive petition under Section 2255. He reasserted his *Lopez* argument, this time citing to a new decision in *Jones v. United States*, 529 U.S. 848 (2000), in which the Supreme Court determined that a conviction under Section 844(i) for bombing an owner-occupied residence could not stand because there was insufficient connection between that dwelling and interstate commerce. The Seventh Circuit weighed these arguments and denied Martin leave to file a second or successive petition under Section 2255.

factual innocence. The Seventh Circuit held that *Jones* does not qualify for a claim of actual innocence under Section 2255 because it does not state a new rule of constitutional law, merely a new rule of statutory construction. *Id.* at 798. The court went on to say that the savings clause of Section 2255 might permit the defendant relief under Section 2241. That claim would not be frivolous, the Seventh Circuit said, because *Jones* was decided after the defendant filed his first Section 2255 motion and because it involves statutory interpretation. *Id.* at 800. The situation is precisely the same for Martin.

Martin further argues that the transfer of his first Section 2241 petition was improper. As a result, he says, his second Section 2241 petition was not successive, and it should have been granted. In *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir. 1998), this court held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

It is unclear whether or not Martin received any such warnings in the Eastern District of Kentucky. The rule in the Seventh Circuit is the same. "All we hold today . . . is that we won't deem a Rule 33 (or other mislabeled motion) a section 2255 motion unless the movant has been warned about the

be guilty of the federal bombing statute because he bombed a private residence, which is essentially an "actual innocence" argument. We will not demand that Martin use the magic words, particularly because he is representing himself in this matter. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Martin argues that the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000), proves his innocence. In that case, the defendant was convicted under the federal arson statute, the same statute at issue in Martin's conviction, of deliberately setting fire to a house owned and occupied by his cousin. *Id.* at 851. To establish federal jurisdiction by way of a connection to interstate commerce, the government claimed the house was used in obtaining a mortgage, homeowner's insurance, and natural gas utilities. *Id.* at 855. The Court refused to find that a house with only this kind of connection was sufficiently integrated into the stream of interstate commerce. *Id.* at 856.

The United States argues that the house at issue in Martin's case is unquestionably in the stream of interstate commerce. Because Carol Horton does not live in the house, but her son James Bowyer does, the United States asks us to assume that the house is rented to Bowyer. Rental property is most often deemed to have sufficient connection to interstate commerce. *See Russell v. United States*, 471 U.S. 858 (1985); *see also United States v. Turner*, 995 F.2d 1357 (6th Cir. 1993). In spite of the United States' argument, there is no evidence that the house was actually rented to Bowyer through an arm's length transaction. If it was not, then Martin is correct in his claim that he is factually innocent of violation of the arson statute.

The Seventh Circuit's rejection of Martin's Section 2255 claims may be understood in the context of a recent decision from that court. In *United States v. Prevatte*, 300 F.3d 792 (7th Cir. 2002), the Seventh Circuit considered a similar set of circumstances arising out of the federal arson statute. The prisoner in that case was also incarcerated out of the circuit, and the prisoner also raised *Jones* as an argument to his

On July 31, 2000, Martin filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Eastern District of Kentucky, the federal district court having jurisdiction over Martin's place of confinement. The district court in Kentucky construed the petition as a motion for relief from his conviction and sentence pursuant to Section 2255 and transferred the case back to the district court in Indiana. The latter court dismissed the motion for lack of jurisdiction, because Martin still lacked Seventh Circuit permission for a successive petition under Section 2255.

On February 15, 2001, Martin filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" in the Eastern District of Kentucky. Without requiring the federal warden to file a response, the district court dismissed without prejudice the Section 2241 claim as a successive petition brought after successive claims under Section 2255. On May 24, Martin filed notice of appeal.

In reviewing the dismissal of a petition for writ of habeas corpus, we review the district court's legal conclusions de novo. *Stapleton v. Wolfe*, 288 F.3d 863, 866 (6th Cir. 2002). We review factual findings for clear error. *Bulls v. Jones*, 274 F.3d 329, 333 (6th Cir. 2001).

A petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement. Section 2241(a) states, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction.

In 1948, at the behest of the Judicial Conference, Congress amended Section 2255 to allow the court that imposed sentence, rather than the court of confinement, to hear a collateral attack on that sentence. The Supreme Court observed in *United States v. Hayman*, 342 U.S. 205, 219

(1952), that Congress amended Section 2255 "to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. . . [T]he sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *See also Davis v. United States*, 417 U.S. 333, 343 (1974) (noting that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus").

28 U.S.C. § 2255, "Federal custody; remedies on motion attacking sentence," states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. . . .

This section clarifies the interrelationship between habeas corpus proceedings under Section 2241 and the more streamlined proceedings under Section 2255. The latter is a complement to the former, and it was not intended to supplant the former. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Significantly, the Section 2255 remedy is not considered inadequate or ineffective simply because Section 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245,

251 (3d Cir. 1997), and *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); or because the petitioner is procedurally barred from pursuing relief under Section 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). It is the petitioner's burden to establish that his remedy under Section 2255 is inadequate or ineffective. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).[1]

Thus, under Section 2255's savings clause, Martin must show that he is entitled to pursue relief under habeas corpus, because his remedy under Section 2255 was inadequate or ineffective. This is a rigorous showing, because "No circuit court has to date permitted a post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended Section 2255] petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." *Charles v. Chandler*, 180 F.3d at 757.

An understanding of "actual innocence" can be derived from *Bousley v. United States*, 523 U.S. 614, 623 (1998): "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" (internal citations and quotations omitted). The Court went on to say, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . . In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather . . . the Government should be permitted to present any admissible evidence of petitioner's guilt." *Id.* at 623-4.

This requirement of a showing of "actual innocence" brings us to Martin's main argument. He maintains that he could not

---

[1] We have discussed the relationship between Section 2255 and Section 2241 more fully in unpublished opinions. *See, e.g., Early v. Lamanna*, No. 98-3892, et al, 1999 WL 435156 (6th Cir. June 17, 1999). We now publish this opinion in order to more clearly affirm the authority.