**Robert Dale MURR, Petitioner–Appellant,**

v.

**Maryellen THOMS, Warden, Respondent–Appellee.**

**No. 01–6592.**

United States Court of Appeals, Sixth Circuit.

March 19, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER,* District Judge.

BATCHELDER, Circuit Judge.

Petitioner Robert Murr, a federal inmate currently incarcerated at the Federal

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Medical Center at Lexington, Kentucky, appeals the district court's order denying his application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner argues he was improperly sentenced for a continuing criminal enterprise conviction, 21 U.S.C. § 848, and that a motion pursuant to 28 U.S.C. § 2255 would be inadequate and ineffective to raise this claim. For the following reasons, we will affirm the order of the district court.

## BACKGROUND

A jury convicted Robert Murr of one count of conspiracy to possess with intent to distribute sixty-two kilograms of cocaine, 21 U.S.C. § 846, ten counts of possession with intent to distribute cocaine and aiding and abetting the possession and distribution of cocaine. 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and one count of conducting a continuing criminal enterprise ("CCE"). 21 U.S.C. § 848. The conspiracy conviction was subsequently vacated as a lesser-included charge of the CCE conviction and one of the substantive counts was subsequently set aside as duplicitous. After a five-day sentencing hearing, the court imposed a 260-month sentence on all counts to run concurrently. In sentencing the petitioner, the court relied upon the post-November 1988 version of the CCE statute, which contained a twenty-year minimum mandatory sentence. When petitioner appealed his conviction, but not his sentence, the government filed a cross-appeal on the issue of sentencing. The court affirmed the convictions but reversed petitioner's sentence for error and remanded the case for resentencing. During the resentencing, petitioner argued he should receive a 240-month sentence instead of the 260-month sentence originally imposed. The court used the twenty-year minimum mandatory contained in the post-November 1988 CCE statute and agreed to re-sentence petitioner to 240-months.

At no time did petitioner object to the sentencing court's use of the post-November 1988 version of 21 U.S.C. § 848.

Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As part of that motion, petitioner argued that the trial court had failed properly to instruct the jury that they needed to agree unanimously on the three underlying drug offenses that formed the basis for the continuing series of violations under the CCE statute. *See Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). The trial court denied the motion and this court affirmed, holding that the failure to instruct the jury was harmless error because the jury had unanimously found petitioner guilty of ten substantive drug offenses. *Murr v. United States,* 200 F.3d 895, 906 (6th Cir.2000). Again, during the § 2255 proceedings, petitioner failed to raise the sentencing court's use of the post-November 1988 version of the CCE statute. Petitioner has not requested permission from this court to file a second or successive § 2255 motion.

Petitioner next filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In his application, petitioner argues that the first five substantive offenses for which he was convicted occurred prior to the November 1988 revision of 21 U.S.C. § 848 and that the remaining five offenses occurred after the revision. According to petitioner's argument, because the trial court failed to instruct the jury properly, it is impossible to know which three offenses the jury relied upon when it found petitioner guilty of the CCE. Since the jury could have used three pre-November 1988 offenses when it found petitioner guilty of the CCE, and the pre-November 1988 version of the CCE statute contained a ten-year minimum manda-

tory sentence (rather than the twenty-year minimum mandatory of the current version), petitioner argues he should be re-sentenced according to the prior version of 21 U.S.C. § 848. Under the sentencing guidelines, a ten year minimum mandatory would mean a sentencing range of 121 to 151 months. Petitioner also argues that a motion pursuant to 28 U.S.C. § 2255 would be inadequate and ineffective to raise this claim. The district court dismissed the action, *sua sponte*, and petitioner's timely appeal followed.

## ANALYSIS

This court reviews de novo a district court's legal conclusion in a habeas corpus decision. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001). Before reaching the merits of petitioner's appeal, we must determine if this court has jurisdiction to hear this case. The fifth paragraph of 28 U.S.C. § 2255, the "savings clause." provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). A federal prisoner may file a habeas petition to challenge the imposition of his sentence only if the remedy afforded under § 2255 is inadequate or ineffective. *Id.* at 756. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the

petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.* (internal citations omitted).

Petitioner admits that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) precludes him from filing a second or successive motion for post-conviction relief pursuant to 28 U.S.C. § 2255 because his claim is not based upon newly discovered evidence or a new rule of constitutional law which has been made retroactive to cases on collateral review by the Supreme Court. Instead, petitioner argues that the failure to allow for collateral review in this case would raise serious constitutional questions. Specifically, petitioner claims that the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the rule of lenity, and the *ex post facto* doctrine require that his sentence be reversed and that he be re-sentenced under the pre-November 1988 version of 21 U.S.C. § 848.

We agree with the district court and find that *Apprendi*. the rule of lenity, and the *ex post facto* doctrine are all inapplicable to petitioner's appeal. Regardless of the merits of petitioner's *Apprendi* argument, this circuit has squarely held that *Apprendi* is not applicable to cases on collateral review because the Supreme Court has not explicitly authorized such retroactive application. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir.2001)(noting that "[t]he Supreme Court's decision in *Tyler [v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) ] affirms the reasoning of six circuits that under the plain language of AEDPA, the Supreme Court makes new constitutional rules retroactive to cases on collateral review by explicitly stating their collateral availability or applying it in a

collateral proceeding."). Petitioner's rule of lenity and *ex post facto* claims were first available on direct appeal and were then available when petitioner filed his § 2255 motion; accordingly, petitioner has waived these arguments and they cannot be revived in a § 2241 application for habeas corpus. "It is well-settled law that failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice." *Murr*, 200 F.3d at 900 (citing *United States v. Frady*, 456 U.S. 152, 164–65, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Finally, although this circuit has yet to decide "whether or not a claim of 'actual innocence,' . . . might permit a petitioner under certain circumstances to utilize § 2244 as a means of circumventing § 2255's requirements for filing a second or successive habeas petition," *Charles*, 180 F.3d at 757, petitioner has clearly failed to claim "actual innocence" in this application. As the panel noted in *Charles*:

> No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'saving clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions.

*Id.; see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003). We again need not decide if a claim of "actual innocence" might permit a § 2241 motion in this instance, since Petitioner makes no such claim.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.