**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven BARKER, Defendant–Appellant.**

No. 02–5422.

United States Court of Appeals, Sixth Circuit.

June 24, 2003.

See also 208 F.3d 215.

Before NELSON, BOGGS, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendant Steven Barker was convicted by a jury of committing arson in violation of 18 U.S.C. § 844(i). He now appeals, arguing that the evidence at trial was insufficient to establish that the buildings burned were used in, or used in an activity affecting, interstate commerce. For the reasons discussed herein, we AFFIRM.

On July 7, 1996, Barker set fire to two cabins at Anderson's Cabins in Dyersburg, Tennessee. Anderson's Cabins is a complex of buildings, including a residence, a tavern and several rental cabins. Troy Anderson and his wife rented rooms of the cabins on a weekly basis. Barker admitted to the FBI that he set fire to the two cabins on the property, and that he did so at Anderson's request.

On February 28, 1997, a federal grand jury returned an indictment charging Barker with one count of arson in violation of § 844(i). A jury found Barker guilty on December 19, 1997. Barker was sentenced to 105 months of imprisonment and three years of supervised release for his arson conviction. Barker appealed his conviction and sentence, and this Court affirmed. *United States v. Barker*, 2000 WL 282453 (6th Cir.2000) (unpublished). On June 28, 2000, the district court granted Barker a new trial due to the discovery of new evidence. After a second jury trial, Barker was found guilty of arson in violation of § 844(i), and was sentenced to a term of ninety-six months of imprisonment and three years of supervised release. Barker timely filed a notice of appeal.

Title 18 U.S.C. § 844(i) provides:

Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both. . . .

Thus, as an essential element of the offense, the Government must prove that the building, vehicle, or property destroyed was used in interstate commerce or in an activity affecting interstate commerce. *See United States v. Rayborn*, 312 F.3d 229, 231 (6th Cir.2002). This Court has held that a building that is maliciously damaged or destroyed must "substantially" affect interstate commerce in order for § 844(i) to apply. *United States v. Latouf*, 132 F.3d 320, 326 (6th Cir.1997).

The only issue in this appeal is whether the evidence sufficiently established that the two cabins destroyed on July 7, 1996 were being used in an activity affecting interstate commerce for purposes of the federal arson statute. At trial, the Government offered proof that: Anderson attempted to rent the two cabins at issue in May and June of 1996; Anderson did rent one of the cabins to Sandra Wyrick, who stored her belongings in the cabin; one of the two cabins was rented on an hourly basis and had electricity and running water; the cabins were insured under a commercial insurance policy; and Anderson never informed the insurer or the bank that had a lien on the property that the two cabins were abandoned or otherwise no longer rental properties.

Barker argues that the evidence was insufficient to establish that the buildings

were being used in an activity affecting interstate commerce, because the two cabins were vacant for one week prior to the arson, and that there is no evidence that, at the time of the fire, Anderson intended to use the cabins in a manner having an effect on interstate commerce. Furthermore, he asserts that the evidence demonstrates that the cabins were uninhabitable and unmarketable as rental property. Therefore, he contends that the two cabins were removed from the stream of interstate commerce.

While Barker moved for a judgment of acquittal based on insufficiency of the evidence at the close of the Government's case, he failed to renew his motion for judgment of acquittal at the close of all proofs. Therefore, "appellate review is limited to determining whether there was a 'manifest miscarriage of justice.'" *United States v. Price*, 134 F.3d 340, 350 (6th Cir.1998) (quoting *United States v. Cannon*, 981 F.2d 785, 789 (5th Cir.1993)). "A 'miscarriage of justice' exists only if the record is 'devoid of evidence pointing to guilt.'" *Price*, 134 F.3d at 350.

In this case, we are satisfied that there has not been a manifest miscarriage of justice, and we thus reject Barker's challenge to the sufficiency of the evidence.

A building must actively be employed for commercial purposes in order to implicate § 844(i). In *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), the Supreme Court clarified what evidence is required to establish the interstate commerce element of § 844(i). The *Jones* Court held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity" under the federal arson statute. *Id.* at 850–51, 120 S.Ct. 1904. The Court noted that the key word in the statute is "used," and that the proper inquiry "is into the function of the building itself, and then a determination of whether that function affects interstate commerce." *Jones*, 529 U.S. at 854–55, 120 S.Ct. 1904 (quoting *United States v. Ryan*, 9 F.3d 660, 675 (8th Cir.1993) (Arnold, C.J., concurring in part and dissenting in part)); *see also Rayborn*, 312 F.3d at 233 (acknowledging *Jones*'s two-part inquiry). The Court also explained that the statutory qualification that the building be used in an activity affecting commerce "is most sensibly read to mean active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." *Jones*, 529 U.S. at 855, 120 S.Ct. 1904. Finding that § 844(i) did not apply to the facts of that case, the Court stated, "It surely is not the common perception that a private, owner-occupied residence is 'used' in the 'activity' of receiving natural gas, a mortgage, or an insurance policy." *Jones*, 529 U.S. at 856, 120 S.Ct. 1904.

However, while *Jones* held that such passive functions do not constitute active employment for commercial purposes, in *Russell v. United States*, the Supreme Court stated that "[t]he rental of real estate is unquestionably ... an activity" that affects interstate commerce. 471 U.S. 858, 862, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003). In *Russell*, the defendant attempted to set fire to a two-unit apartment building that he owned. The *Russell* Court held that § 844(i) applied, as the building was used as rental property. *Id.* at 862, 105 S.Ct. 2455. The *Russell* Court explained that:

> We need not rely on the connection between the market for residential units and the "interstate movement of people" to recognize that the local rental of an apartment unit is merely an element of a much broader commercial market in

rental properties.... Petitioner was renting his apartment building to tenants at the time he attempted to destroy it by fire. The property was therefore being used in an activity affecting commerce within the meaning of § 844(i). *Id.* at 862, 105 S.Ct. 2455. *See also Jones,* 529 U.S. at 853, 120 S.Ct. 1904 (stating that "the dispositive fact" in *Russell* was that "'Petitioner was renting his apartment building to tenants at the time he attempted to destroy it by fire.'" (quoting *Russell,* 471 U.S. at 862, 105 S.Ct. 2455)).

In this case, there was sufficient evidence of an interstate commerce nexus to sustain the defendant's conviction for violating § 844(i). Specifically, the evidence established that the two cabins were rental property. Walter Harris and Tommy Pollard testified that Anderson had attempted to rent the cabins to them in the months prior to the arson. Furthermore, Anderson did rent one of the two cabins to Sandra Wyrick approximately one week prior to the fire. Although the cabins may have been vacant at the time of the arson, the evidence sufficiently demonstrates that they were available for rent. *See United States v. Turner,* 995 F.2d 1357 (6th Cir. 1993) (holding that temporary cessation of rental activity does not cause property to lose its interstate characteristics); *see also United States v. Williams,* 299 F.3d 250 (3d Cir.2002) (holding that where the defendant actively sought to lease a building in the months before the arson, it was an unoccupied building available for rent, thus subject to the federal arson statute). There is no evidence that the cabins were taken off the rental market, and thus taken out of the stream of interstate commerce. Anderson never notified the bank that had a lien on the property or the insurer that the two cabins had been abandoned or that they were no longer rental property. Evidence of Anderson's intent to set fire to the two cabins does not mean that the cabins were removed from the stream of interstate commerce so that the federal arson statute does not apply. Furthermore, while the defendant emphasizes the poor condition of the cabins in order to demonstrate that they were not available for rent, the evidence shows that, notwithstanding the poor condition of the two cabins, Anderson attempted to rent the cabins, and did rent one, shortly before the fire.

It is clear that the cabins functioned as rental property and, therefore, were used in an activity affecting interstate commerce. There is sufficient evidence to support the jury's verdict of guilty, and there has been no manifest miscarriage of justice in this case. Accordingly, we AFFIRM the defendant's conviction.