ORDER

Arthur Louis Mallard, a federal prisoner proceeding pro se, appeals the district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
Mallard filed a § 2241 petition in May 2002. He alleged that his conviction and sentence were invalid because: (1) the government erred by including the amount of profit and property owned by him into net profit gross sales of the businesses he owned, resulting in an excessive sentence; (2) the statute of limitations ran out in seven years but the government went back nineteen years to 1976; (3) the government struck six black jurors, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and (4) he received ineffective assistance of counsel. Although Mallard did not include the information in his petition, he stands convicted of bankruptcy fraud, mail fraud, tax evasion, subscribing to a false tax return, aiding presentation of a false tax return, and introduction of an unapproved drug. The United States Court of Appeals for the Eleventh Circuit affirmed the convictions and sentence on direct appeal in 1998, and the trial court denied Mallard’s 28 U.S.C. § 2255 motion to set aside, vacate, or correct sentence in 2000. United States v. Mallard, No. CIV. 99-0998AHS, GRIM. 9500193AH, 2000 WL 360237 (S.D.Ala. Mar.27, 2000).
In the present case, the district court dismissed Mallard’s § 2241 petition summarily. The court held that it lacked jurisdiction over Mallard’s challenge to his conviction and sentence because Mallard had not shown that his remedy under § 2255 was inadequate or ineffective. On appeal, Mallard argues that his petition was brought properly under § 2241.
Upon review, we affirm the district court’s judgment for the reasons stated by the district court. This court reviews de novo a district court’s judgment dismissing *153 a habeas corpus petition. Charles v. Chandler, 180 F.3d 753, 755 (6th Cir.1999). A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255 (last clause in fifth paragraph); Charles, 180 F.3d at 755-56. To date, the savings clause of § 2255 has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003).
Mallard’s claims are not cognizable under § 2241. Mallard attacked the evidence against him, the statute of limitations, the composition of the jury, and the effectiveness of his attorney. These are all issues that could have been raised on direct appeal or in Mallard’s § 2255 motion. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255. See Charles, 180 F.3d at 756-58. Moreover, although Mallard appears to argue that he is actually innocent, he does not cite any Supreme Court decision to support such a claim. See Martin, 319 F.3d at 804-05. Because Mallard did not carry his burden of showing that his remedy under § 2255 was inadequate or ineffective, the district court properly held that Mallard could not bring his claims under § 2241.
For the foregoing reasons, we affirm the district court’s judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.