**Malik WARD, Petitioner–Appellant,**

v.

**Jose BARRON, Jr., Warden,
Respondent–Appellee.**

No. 03–5957.

United States Court of Appeals,
Sixth Circuit.

March 10, 2004.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

## ORDER

Malik Ward, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 21, 1993, following a jury trial, Ward was convicted in the United States District Court for the Eastern District of Michigan for conspiracy to distribute cocaine and cocaine base, distribution of cocaine and cocaine base, aiding and abetting the distribution of cocaine and cocaine base, and possession of cocaine and cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; using or carrying a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); possession of a firearm with an obliterated or altered serial number, in violation of 18 U.S.C. § 922(k); possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d); and continuing criminal enterprise, in violation of 21 U.S.C. § 848(a). Ward was sentenced to serve 360 months of imprisonment. This court subsequently vacated Ward's continuing criminal enterprise conviction and remanded the case for re-sentencing. On remand, Ward was re-sentenced to serve 355 months of imprisonment. On appeal, this court affirmed the judgment of conviction and sentence.

On November 25, 1996, Ward filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Adopting a magistrate judge's report and recommendation, the district court denied Ward's § 2255 motion on March 31, 1998. This court affirmed the denial of § 2255 relief on March 13, 2000, and denied Ward's petition for rehearing en banc on July 19, 2000.

On March 15, 2001, Ward filed a Fed. R.Civ.P. 60(b) motion for relief from judgment, which the district court transferred to this court as a second or successive § 2255 motion. On December 17, 2001, this court denied Ward's motion for an order authorizing the district court to consider a second or successive motion to vacate, set aside or correct sentence to be filed under § 2255. On September 26, 2002, Ward filed another motion for an order authorizing the district court to consider a second or successive motion to vacate, set aside or correct sentence to be filed under § 2255, which this court denied on January 30, 2003.

In his § 2241 petition, Ward alleged that he was denied due process because his claim that he is actually innocent of his § 924(c)(1) conviction was not fully and fairly considered by the courts in his prior post-conviction proceedings. Specifically, Ward alleged that he is actually innocent of his conviction for using or carrying a firearm in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

The district court dismissed Ward's habeas corpus petition. Ward has filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Ward's petition.

Section 2241 provides that a federal prisoner may bring a petition for a writ of

habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman,* 249 F.3d at 461; *Charles,* .180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Ward's petition challenges the imposition of his sentence, not the execution or manner in which his sentence is being served, as he takes issue with his conviction for using or carrying a firearm during or in relation to a drug trafficking offense. Thus, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Ward's sentence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Ward may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The burden is upon Ward to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles,* 180 F.3d at 756. Ward has not shown that his remedy under § 2255 is inadequate or ineffective. Thus, the district court properly dismissed Ward's § 2241 habeas corpus petition because Ward sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 was inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58. *Martin v. Perez,* 319 F.3d 799 (6th Cir.2003), relied upon by Ward, is distinguishable. In that case, Martin's claim of actual innocence could not be addressed in a section 2255 proceeding. Ward's actual innocence claim, in contrast, was addressed in the consideration of the 1996–filed section 2255 motion.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.