**Ifedoo Noble ENIGWE, Petitioner–Appellant,**

v.

**Mark A. BEZY, Warden, Respondent–Appellee.**

**No. 03–4224.**

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

### ORDER

Ifedoo Noble Enigwe, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Enigwe was convicted by a jury on four counts of trafficking in heroin and was sentenced to 235 months in prison. His convictions and sentence were affirmed by the Third Circuit on direct appeal, *United States v. Enigwe*, 26 F.3d 124 (3d Cir.1994) (table), and he has unsuccessfully pursued post-conviction relief pursuant to 28 U.S.C. § 2255.

In his § 2241 petition, Enigwe asserted that he was actually innocent because: 1) the indictment failed to charge an offense; and 2) there was no evidence of heroin importation. The district court sua sponte dismissed the petition.

Enigwe has filed a timely appeal, essentially reasserting his claims and arguing that the district court erred by requiring him to show cause and prejudice. He contends that under *Martin v. Perez*, 319 F.3d 799 (6th Cir.2003), he is merely required to show innocence. He has also moved for pauper status.

Upon de novo review, we conclude that the district court properly dismissed Enigwe's § 2241 petition. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). But where a federal prisoner seeks to challenge the imposition of his sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside, or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles*, 180 F.3d at 755–56; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles,* 180 F.3d at 755–56; *Capaldi,* 135 F.3d at 1123.

Enigwe has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman,* 249 F.3d at 461. Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause. *See id.; Charles,* 180 F.3d at 757.

Most "actual innocence" cases which have qualified under the savings clause have concerned challenges to 18 U.S.C. § 924(c) convictions for "using" a firearm during a drug crime or violent crime. *Peterman,* 249 F.3d at 462. After the Supreme Court narrowed the definition of "use" in § 924(c), *see Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), many prisoners found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *Peterman,* 249 F.3d at 462. Thus, *Bailey* claims were permitted to be brought under § 2241. As noted by Enigwe, a non-*Bailey* case recently qualified under the savings clause. In *Martin,* 319 F.3d at 804–05, this court permitted an actual innocence claim which concerned a challenge to

a conviction under a federal arson statute, 18 U.S.C. § 844(i), to proceed under § 2241 because the case was factually similar to *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) (holding that an owner-occupied home did not have a sufficient nexus to interstate commerce to establish federal jurisdiction to prosecute someone under § 844(i)).

The savings clause does not apply to the instant case. Despite his arguments to the contrary, Enigwe has not shown an applicable intervening change in the law or any extraordinary circumstances which reflect that he may be actually innocent. Furthermore, the district court did not require Enigwe to show cause and prejudice.

Accordingly, the district court's judgment is affirmed, the motion for pauper status is granted, and all other pending motions are denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.