**Ralphael OKORO, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellee.**

**No. 03–2293.**

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Ralphael Okoro, Milan, MI, pro se.

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District

Before CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

*ORDER*

Ralphael Okoro appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Northern District of Illinois in 1994, Okoro was convicted of one count of conspiracy to possess with intent to distribute heroin and two counts of distribution of heroin. Okoro was sentenced to 188 months of imprisonment. The United States Court of Appeals for the Seventh Circuit affirmed the convictions and sentence on direct appeal. *United States v. Okoro,* No. 94–2096, 1994 WL 695902 (7th Cir. Dec.12, 1994). Thereafter, the sentencing court denied a motion to vacate sentence filed under 28 U.S.C. § 2255, and the Seventh Circuit affirmed that judgment. *Okoro v. United States,* No. 95–3658, 1996 WL 266438 (7th Cir. May 17, 1996). The sentencing court then denied a subsequent petition for a writ of habeas corpus filed under 28 U.S.C. § 2241, which that court had construed as a successive motion to vacate sentence pursuant to 28 U.S.C. § 2255. The Seventh Circuit vacated the sentencing court's latter judgment, and remanded the case with instructions to dismiss the petition for lack of jurisdiction because Okoro did not obtain an order authorizing him to file a second or successive § 2255 motion. *Oko-*

of Ohio, sitting by designation.

ro v. *United States,* No. 98–1225, 1998 WL 516776 (7th Cir. July 31, 1998).

In addition, Okoro filed in the United States District Court for the Eastern District of Michigan, the district in which he was then and is currently incarcerated, an earlier habeas corpus petition pursuant to 28 U.S.C. § 2241. The district court dismissed the petition, and this court affirmed the district court's judgment on appeal. *Okoro v. Scibana,* No. 99–1322, 1999 WL 1252871 (6th Cir. Dec.15, 1999).

In the instant case, Okoro filed yet another habeas corpus petition seeking relief from his federal convictions. Specifically, Okoro alleged that new evidence exists of his innocence and that the provisions of 28 U.S.C. §§ 2244(b)(1) & (2) deny him due process. The district court dismissed the petition sua sponte. Okoro filed a timely notice of appeal.

On appeal, Okoro reiterates his contentions that new evidence exists of his innocence and that the provisions of 28 U.S.C. §§ 2244(b)(1) & (2) deny him due process. In addition, Okoro contends 28 U.S.C. § 2255 is an inadequate and ineffective remedy to redress his claim of innocence. Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we affirm the district court's judgment for the reasons stated by the district court in its opinion and order filed September 5, 2003.

A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 755–56. The prisoner must prove that the § 2255 remedy is inadequate or ineffective. *Id.* at 756. However, the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or denied permission to file a sec-

ond or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758. In short, § 2241 is not available merely because a § 2255 motion is unavailable to petitioner because of a procedural bar. *Id.* at 756–58.

This court has recognized as cognizable under § 2241 only claims of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Martin v. Perez,* 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001); *Charles,* 180 F.3d at 756–57. Moreover, the Supreme Court has held that only its own decision concerning the retroactivity of a new rule of constitutional law can satisfy this requirement. *Tyler v. Cain,* 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

Here, the district court correctly concluded that Okoro asserts no claim cognizable under § 2241. A credible claim of actual innocence based upon new evidence is cognizable in a second or successive motion for relief from judgment pursuant to 28 U.S.C. § 2255. Thus, the district court correctly concluded that the § 2255 remedy is not inadequate or ineffective, although Okoro may face procedural hurdles before bringing his claim under that provision. *See Charles,* 180 F.3d at 756–58. Otherwise, Okoro's claims are not based upon a new rule of law made retroactive by a Supreme Court case, and are therefore not cognizable under § 2241 in any event. *See Tyler,* 533 U.S. at 662, 121 S.Ct. 2478. Under these circumstances, the district court properly dismissed Okoro's petition.

Finally, it is noted that Okoro's claim that the provisions of 28 U.S.C.

§§ 2244(b)(1) & (2) deny him due process lacks merit. Those provisions by their express terms apply only to claims presented in a second or successive habeas corpus application filed under 28 U.S.C. § 2254, although similar restrictions are applicable to second or successive § 2255 motions. *See* 28 U.S.C. §§ 2244(a) & 2255. Clearly, the cited provisions are not applicable in this case, and Okoro's assertion that limitations on his ability to file second or successive habeas applications somehow deprives him of due process lacks merit in any event.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.