

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# Ronald Totaro v. H.J. Marberry

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3174

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ronald Totaro v. H.J. Marberry" (2008). *2008 Decisions.* Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3174
_____

RONALD N. TOTARO,

Appellant

vs.

H.J. MARBERRY, Warden FCI McKean

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-07-cv-00109)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed on  December 11, 2008)
_____

OPINION
_____

PER CURIAM.

        Ronald N. Totaro, a federal prisoner proceeding pro se, appeals from an

order of the United States District Court for the Western District of Pennsylvania

dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Because

1

this appeal does not present a substantial question, we will summarily affirm the District Court's order. See Third Cir. L.A.R. 27.4; I.O.P. 10.6.

In October 2001, a jury sitting in the United States District Court for the District of South Dakota convicted Totaro of 61 counts of wire fraud, mail fraud, money laundering, engaging in unlawful money transactions, and racketeering. The District Court sentenced Totaro to thirty years in prison and $2.3 million dollars in fines. Upon review, the United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence, and the United States Supreme Court denied Totaro's petition for writ of certiorari.

In April 2004, Totaro sought collateral relief by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court determined, however, that the motion was barred by the applicable one-year statute of limitations and dismissed it. See 28 U.S.C. § 2244(d)(1). The Court of Appeals denied Totaro's request for a certificate of appealability, and the Supreme Court denied his petition for writ of certiorari.

Totaro next sought relief by filing the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, where he is now incarcerated. In the petition, Totaro alleged that he is "actually innocent" of the crimes of which he was convicted, and that, because the limitations period for filing a petition under section 2255 has expired, section 2255 is

2

an "inadequate and ineffective" means to challenge the legality of his detention. 28 U.S.C. § 2255. The District Court rejected the latter argument, and dismissed the petition for lack of subject matter jurisdiction. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Ruggiano v. Reish, 307 F.3d 121, 126-27 (3d Cir. 2002). We will affirm.

The District Court did not err in dismissing Totaro's petition. A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 is not "inadequate or ineffective" merely because the one-year statute of limitations for a petition under that section has expired. Cradle, 290 F.3d at 539 (explaining that section 2241 "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements"). Rather, as we explained in In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), a prisoner may resort to section 2241 only in extremely limited circumstances, such as when an intervening change in law has decriminalized the conduct underlying the petitioner's conviction. Totaro argues that he was denied his "constitutional right to prove his actual innocence" because of structural defects at trial, and that he should be

3

permitted to assert such a claim under section 2241. (Memorandum of Law, at p. 2.) Such claims must be raised under section 2255; they do not bring him within the narrow Dorsainvil exception.[1] Therefore, the District Court properly dismissed Totaro's petition seeking relief pursuant to 28 U.S.C. § 2241.

For the foregoing reasons, we will summarily affirm the District Court's order dismissing the petition. See Third Cir. LAR 27.4 and I.O.P. 10.6.

---

[1] In support of his argument that he should be permitted to assert a claim of "actual innocence" under section 2241, Totaro relies on the Sixth Circuit Court of Appeals' decision in Martin v. Perez, 319 F.3d 799 (6th Cir. 2003). (Memorandum of Law, at p. 2.) In that case, the Court of Appeals recognized that a prisoner can proceed under section 2241 if he can show that an intervening change in the law establishes his "actual innocence." Id. at 804. Totaro does not, however, allege that the law governing his conviction has changed since he filed his section 2255 motion; rather, he alleges that errors took place during his trial and sentencing proceedings. Therefore, he does not satisfy the requirements for proceeding under section 2241 described in that case.