NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0598n.06

No. 12-3868

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 24, 2013*
DEBORAH S. HUNT, Clerk

JARED NIKOLAS REMINSKY,                )
                                        )
    Petitioner-Appellant,               )
                                        )
v.                                      )
                                        )    ON APPEAL FROM THE
UNITED STATES OF AMERICA,               )    UNITED STATES DISTRICT
                                        )    COURT FOR THE NORTHERN
    Respondent-Appellee.                )    DISTRICT OF OHIO
                                        )

BEFORE:  BOGGS and SUHRHEINRICH, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM.  Jared Nikolas Reminsky, a federal prisoner represented by counsel, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241.  As set forth below, we affirm.

In 2008, Reminsky pleaded guilty in the Eastern District of North Carolina to transmission of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and transportation of obscene matters over the Internet, in violation of 18 U.S.C. § 1462.  The district court calculated Reminsky's guidelines range as 210 to 240 months and sentenced him to the bottom of that range – 210 months of imprisonment.  In accordance with his plea agreement, Reminsky did not file a direct appeal or a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Reminsky subsequently filed the instant petition in the Northern District of Ohio, where he is incarcerated, asserting that the district court had jurisdiction to grant habeas relief under § 2241 based on § 2255(e)'s "savings clause" because he is actually innocent of his substantively unreasonable sentence. Reminsky argued that his within-guidelines sentence is presumptively unreasonable because the United States Sentencing Commission did not base the guidelines for child-pornography offenses on empirical data and national sentencing experience, but instead responded to congressional directives. Reminsky further argued that the sentencing enhancements for child-pornography offenses apply to conduct inherent in the crime of conviction and result in sentencing ranges near or exceeding the statutory maximum, even in run-of-the-mill cases. A magistrate judge recommended that Reminsky's petition be dismissed for lack of subject matter jurisdiction because his claim did not fall within § 2255(e)'s savings clause. Over Reminsky's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition. This timely appeal followed.

We review de novo the district court's judgment dismissing Reminsky's petition filed under § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). "[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Id*. at 755-56 (internal citations omitted). Reminsky challenges the imposition of his sentence, not the manner in which his sentence is being served. Pursuant to § 2255(e)'s savings clause, a federal prisoner may challenge

the imposition of his sentence under § 2241, rather than § 2255, if he establishes that his remedy

under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e);

*see Charles*, 180 F.3d at 756. To date, the savings clause has only been applied to claims of actual

innocence based upon Supreme Court decisions announcing new rules of statutory construction

unavailable for attack under § 2255. *See Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003);

*United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).

Reminsky does not contend that he is actually innocent of his federal offenses; he instead

claims actual innocence of his sentence. The savings clause under § 2255(e) does not apply to

sentencing claims. *See Peterman*, 249 F.3d at 461-62.

Because Reminsky's challenge to his sentence is not cognizable under § 2241, we affirm the

district court's judgment dismissing his petition for lack of subject matter jurisdiction.